STATE, BY DOUGLAS M. HEAD, v.
BETTY SUE GILSON AND OTHERS.
ELLEN E. BLAISDELL AND ANOTHER,
RESPONDENTS.

194 N. W. 2d 257.

January 21, 1972—Nos. 43003, 43041.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Steven A. Maurer,* Special Assistant Attorney General, for appellant.

*Trench, Ericson, MacGregor, Lohmann, Walsh & O'Brien, Paul W. Lohmann,* and *Gerald R. Walsh,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

PETERSON, JUSTICE.

The State of Minnesota (hereafter "appellant") appeals from an order denying its motion for a new trial and from the judgment for the landowners (hereafter "respondents") following

objections by both parties to the award of the commissioners in eminent domain proceedings.

The sole issue is whether the trial court abused its discretion in admitting into evidence the 1959 purchase price paid by respondents for the land taken by condemnation in 1969. Holding that, on this record, no abuse of discretion is manifest, we affirm.

The land in issue was a triangular lot located at 3420 Hiawatha Avenue, Minneapolis, on which was located a drive-in restaurant building and another structure. Appellant's appraiser, one Robert Mausser, estimated its value at $31,000. Respondents' appraisers, one Glenn Gullickson and one Carl Erickson, estimated its value at $52,300 and $52,000 respectively. Erickson averaged his separate estimates based upon replacement cost ($53,300), income ($50,700), and market data ($50,500). Gullickson estimated market value only by replacement cost ($52,685) and income ($41,944) approaches, being unaware of comparable sales in a market for drive-in restaurants. Although Mausser based his estimate upon all three approaches, he did acknowledge that the market data of sales for such properties was limited and that he relied mainly on the income approach.

Respondents, who themselves claimed a market value of $68,000 to $71,000, were permitted to testify that they purchased the property in 1959, on contract for deed, for the price of $40,000. They additionally testified to having regularly maintained the property in excellent condition since the time of purchase.

The jury returned a verdict of $50,000. The sums stated in this opinion exclude the value of certain fixtures, as to which the parties had stipulated before trial.

The objection of appellant to the evidence of the purchase price was made solely on the ground that evidence of the price paid in a purchase transaction 9½ years prior to the condemnation was too remote. No objection was otherwise made to the foundation for respondents' testimony. None asserts that the

transaction of purchase was other than wholly voluntary. It affirmatively appears from Mausser, for appellant, and Gullickson, for respondents, that land values in the vicinity had been stable during that decade—indeed, that they had to an undetermined extent actually increased during that time.

It is well settled that the trial court has substantial discretion in the admission of evidence of the purchase price paid by the landowner, provided that the purchase was not a forced transaction; that the factors affecting market value have not changed materially subsequent to the transaction; and that the transaction was otherwise not too remote in time. State, by Mondale, v. Larson, 285 Minn. 467, 174 N. W. 2d 114 (1970); City of Bloomington v. Vinge, 284 Minn. 202, 169 N. W. 2d 752 (1969); State, by Mattson, v. Schoberg, 279 Minn. 145, 155 N. W. 2d 750 (1968). See, also, Potter v. Hartzell Propeller, Inc. 291 Minn. 513, 189 N. W. 2d 499 (1971).

The precise number of years between the private acquisition and the public taking is not alone a talisman of remoteness. Although we are unaware of so extensive a period of time in our own cases, admission of a purchase 8 years prior to condemnation was approved by dictum in Hall v. City of West Des Moines, 245 Iowa 458, 62 N. W. 2d 734 (1954), and a purchase 14 years removed was held admissible under the particular circumstances in United States v. Becktold Co. 129 F. 2d 473 (8 Cir. 1942). The length of time is a factor to be considered by the trial court in ruling upon its admissibility, with due regard to any element of unfairness in such evidence and the jury's role in ascertaining its weight.

The trial court appropriately cautioned the jury that the "[f]air market value of any property is not what it costs the owner," and it would seem that the jury observed that caution. Its verdict was $10,000 in excess of the stated purchase price and $6,000 in excess of the commissioners' award, but it closely approximated the appraisals of respondents' experts, a result strongly suggestive that the jury was neither unduly influenced

by respondents' testimony nor favorably impressed by the impeached opinion of appellant's expert. The trial court may well have had this implicit confirmation in mind when it denied appellant's post-trial motion for a new trial.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.