## VILLAGE OF MAPLEWOOD v. AL JOHNSON AND OTHERS.
## MARKHAM BROS. CONSTRUCTION COMPANY, RESPONDENT.

228 N. W. 2d 269.

April 18, 1975—No. 44884.

*Lais, Bannigan & Ciresi* and *John F. Bannigan, Jr.,* for appellant.

*John E. Daubney* and *Robert McCarthy,* for respondent.

Heard before Sheran, C. J., and Todd and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

The village of Maplewood appeals from an order denying its motion for a new trial in an eminent domain proceeding. The sole issue on appeal is whether the lower court erred in refusing to allow cross-examination of the president of the respondent owner as to the purchase price of the property 3 years and 1 month before the condemnation proceeding. We affirm.

Respondent, Markham Bros. Construction Company, purchased a 39.9-acre tract of land in the village of Maplewood at the northeast corner of Hazelwood Avenue and County Road C on July 30, 1968. At the time of purchase, respondent intended to remove sand, gravel, and peat from the property and then use it in construction projects or sell it for residential use. At the time of the purchase and of the taking, the property was zoned "farm residential" with provisions for other uses by special permit. Respondent engaged in mining the subject property prior to the taking and, at the time of the taking, had almost leveled the entire tract. On August 31, 1971, the property was taken by appellant under eminent domain proceedings. In April 1971, the Homemart Company purchased 113 acres of land for the Maplewood Mall Shopping Center within a mile of the subject property. In addition, subsequent to respondent's purchase of the land in July of 1968, K-Mart, Target, and the Ford Motor Company purchased land in the same general area for the construction of retail outlets.

At the time of trial, Mr. Alfred Markham, president of respondent corporation, testified to damages of $225,000. One of his appraisers testified to damages of $200,000, and the court-appointed commissioners assessed damages of $100,000. One of the appraisers for appellant assessed damages at $88,000. The jury returned a verdict in the amount of $175,000.

The sole issue raised on this appeal centers on the refusal of the trial court to permit cross-examination of Mr. Markham regarding the purchase price paid by the corporation for the property in 1968. Mr. Markham, in response to questions seeking to lay a foundation for purposes of eliciting the purchase price, indicated that his property had gone up considerably in value. He indicated that properties in the area were going up each year but attributed the bulk of the increase in the value of his property to the fact that he had leveled off the property. Appellant made no other effort to elicit the purchase price through other witnesses or to establish any other foundation for purposes of

further cross-examination of Mr. Markham relative to the purchase price of the property.

In State, by Head, v. Gilson, 292 Minn. 186, 194 N. W. 2d 257 (1972), we restated the three-pronged test to determine the admissibility on direct or cross-examination of the purchase price of property involved in eminent domain proceedings. We there said (292 Minn. 188, 194 N. W. 2d 258):

"It is well settled that the trial court has substantial discretion in the admission of evidence of the purchase price paid by the landowner, provided that the purchase was not a forced transaction; that the factors affecting market value have not changed materially subsequent to the transaction; and that the transaction was otherwise not too remote in time."

This rule was originally adopted in State, by Mattson, v. Schoberg, 279 Minn. 145, 155 N. W. 2d 750 (1968), and restated in City of Bloomington v. Vinge, 284 Minn. 202, 169 N. W. 2d 752 (1969), and State, by Mondale, v. Larson, 285 Minn. 467, 174 N. W. 2d 114 (1970).

In the instant case, the only element bearing on the admissibility of this testimony was the factor relating to stability of market value. In this case, the trial court apparently determined there had been such substantial change in market value as to preclude admission of such testimony. We have carefully reviewed the record and find that under the facts and circumstances of this case the trial court's ruling was not an abuse of discretion and its decision must be affirmed.

Affirmed.