## DANIEL J. JENKINS, A MINOR, BY HIS PARENTS AND NATURAL GUARDIANS, AND OTHERS v. BOARD OF EDUCATION OF MINNEAPOLIS SPECIAL SCHOOL DISTRICT NO. 1.

228 N. W. 2d 265.

April 11, 1975—No. 44057.

*Cohen, Budd & Douglas, Ronald E. Budd,* and *Bruce C. Douglas,* for appellants.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, J. Richard Bland,* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Mulally, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This action was brought by Benjamin and Judith Jenkins, individually and on behalf of their son, Daniel, to recover damages against defendant school board for injuries sustained by Daniel when he was assaulted by a fellow student on his school grounds. The trial court granted defendant summary judgment on finding plaintiffs failed to give the board notice within 30 days as required by Minn. St. 1971, § 466.05, subd. 1.[1] We reverse.

---

[1] Minn. St. 1971, § 466.05, subd. 1, provides in relevant part: "Every person who claims damages from any municipality for or on account

The issue is whether "substantial compliance" is the standard by which timeliness of the service of a notice of claim is hereafter to be judged under Minn. St. 466.05, subd. 1.

The facts are undisputed. On January 6, 1972, Daniel Jenkins, who was then 9 years old, was injured at Agassiz Elementary School in Minneapolis in an after-school fight with another student. Immediately following the incident, Daniel was assisted by Sidney Buchanan, the school principal, and Leora Wohlleb, the school nurse. The next day Buchanan and Wohlleb completed a form, required for all school accidents, entitled "Student Accident and Report Form for School Jurisdiction Accidents" which was transmitted to Donald R. Wahlund, the school district's director of finance, at the district's administration building. The report contained the names of the students involved; the time, date, and location of the event; the manner in which the injury had occurred; and the name and address of the injured child's parents. The report submitted by Buchanan and Wohlleb was routinely filed with several hundred others received by Wahlund's office each year.

On February 11, 1972, more than 30 days after the incident resulting in Daniel's injury, the Jenkinses served a formal notice of claim upon the school board pursuant to Minn. St. 1971, § 466.-05, subd. 1, by serving Wahlund, who was the agent authorized by the school board to receive such notices. This action was thereafter commenced and the trial court, relying on our prior decisions, understandably granted defendant's motion for summary judgment.

We no longer adhere to the doctrine that timeliness of the *service* of notice is necessary to effectuate the legislative intent of c. 466 where, as here, responsible school authorities acting in

of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded."

an administrative capacity are fully apprised of the pertinent facts within the time limitation imposed by statute.

In Olander v. Sperry & Hutchinson Co. 293 Minn. 162, 197 N. W. 2d 438 (1972), we held that substantial compliance with respect to the adequacy of a description of the time, place, and circumstances surrounding a loss or injury was sufficient under the statute. We stated that "except for the elements of timeliness or manner of service, substantial compliance with the provisions of § 466.05 is all that is required." 293 Minn. 169, 197 N. W. 2d 442.

Thereafter, in Seifert v. City of Minneapolis, 298 Minn. 35, 213 N. W. 2d 605 (1973), we removed one of the two remaining exceptions denoted in Olander and held that substantial compliance with the statute is sufficient with respect to manner of service. This left only the timeliness of service of the notice of claim subject to the requirement of strict compliance.

Leier v. Twin Cities Area Metropolitan Transit Comm. 299 Minn. 35, 216 N. W. 2d 129 (1974), followed. There, notice of claim regarding an accident on an MTC bus was given 68 days after the accident. However, we allowed the claim to proceed to trial on the theory that under the facts of that case, defendant MTC was estopped from invoking the strict application of the 30-day limitation of the statute. We then observed that "MTC, of course, was in possession of all of the relevant information concerning the claim within 2 days after the accident, so that the basic purposes of the notice-of-claim statute are not significantly impaired by this holding." 299 Minn. 37, 216 N. W. 2d 130.

Subsequent to those decisions, effective August 1, 1974, the legislature in L. 1974, c. 311, has enacted several liberalizing amendments to the statute, including—

(1) doubling the time during which the notice of claim must be presented to the governing body of a municipality from 30 to 60 days;[2]

---

[2] Minn. St. 466.05, subd. 1.

(2) providing that "[a]ctual notice of sufficient facts to reasonably put the governing body of the municipality or its insurer on notice of a possible claim shall be construed to comply with the notice requirements of this section"; [3]

(3) providing that notice is not required to maintain an action for damages if the loss or injury arises out of an intentional tort committed by an officer, employee, or agent of the municipality; [4] and

(4) providing that notice shall not be required to maintain an action for loss or injury if the loss or injury involves a motor vehicle or other equipment owned by a municipality or operated by an officer, employee, or agent of the municipality. [5]

It is clear that both the intent of the legislature and the direction of this court's opinions are to liberalize the requirements of the notice-of-claim statute and to make their effect more fair and just. With that philosophy in mind, we now take the logical next step and declare that substantial compliance with the timeliness requirement is sufficient under the statute. Obviously, a review of the particular facts of a case is necessary to determine whether there has been such substantial compliance. We are confident that the trial courts of this state are capable of arriving at such determinations in a manner which is fair to both parties and consistent with the intent and purpose of the statute.

So far as this case is concerned, we hold that there has been substantial compliance with the service-of-notice requirement for the following reasons:

(a) The injured boy was assisted immediately after the incident by the school principal and the school nurse, both of whom obviously knew, or had the duty and opportunity to determine, the facts of the incident out of which the injuries arose.

(b) On the day following the injuries, the principal and nurse completed and filed an accident report form which recites

---

[3] Minn. St. 466.05, subd. 1.

[4] Minn. St. 466.05, subd. 2.

[5] Minn. St. 466.05, subd. 2.

the time, place, and circumstances of the incident out of which the injuries arose.

(c) The report was filed with Donald R. Wahlund, defendant's director of finance. Wahlund is an administrative officer of defendant and offices in the administration building of defendant.

(d) Wahlund is the very person designated by defendant as its authorized agent to receive formal notices of claim pursuant to the statute.

(e) On February 11, 1972, 36 days after the incident causing the injuries and only 6 days past the time designated in the statute, a formal notice of claim was served upon Wahlund.

We believe there has been substantial compliance with both the intent and purpose of the service-of-notice requirement of the statute through this series of events. This was not an accident on an isolated sidewalk. On the contrary, the incident occurred on a school playground, and both the school principal and the school nurse offered assistance immediately thereafter. A detailed accident report was filed the following day with the school administration. The person with whom it was filed is defendant's designated agent to receive formal notices of claim. Certainly, defendant, through its agents, had knowledge of the injuries and the manner in which they occurred; had ample opportunity, and indeed the obligation, to investigate the incident; and had written details in the notice-of-accident form filed by the principal and the nurse. The formal notice itself was then filed within 36 days of the accident. From these facts we conclude that there was substantial compliance with the service-of-notice requirement, and that this case must be reversed and remanded for trial on the issues.

With the liberalizing of the terms of the statute by the legislature and the progressive interpretations of the statute by this court, we believe the statute can continue to serve its purpose of providing sufficient notice to a municipality so that it has ample opportunity to investigate and determine the facts of al-

442

leged negligent occurrences while at the same time affording justice and fairness to claimants.

We overrule all prior opinions inconsistent with this interpretation of the statute and with the result we here reach.

Reversed and remanded.

TODD, JUSTICE (concurring specially).

I concur in the result reached by the court but would have preferred to decide the issue on constitutional grounds. I must further observe that references in the majority opinion to the present statute, Minn. St. 466.05, requiring 60-day notice, furnish no basis for assuming that the current legislation would pass constitutional muster.

KELLY, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Todd.

SCOTT, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Todd.