Affirmed.

ED EBEL v. VILLAGE OF SOUTH INTERNATIONAL FALLS.

244 N. W. 2d 496.

July 23, 1976—No. 45400.

*Robert J. Leali* and *Patrick J. Ciliberto,* for appellant.
*Mathias & Brown* and *Robert E. Mathias,* for respondent.

PER CURIAM.

Plaintiff appeals from summary judgment dismissing his complaint against defendant municipality for failure to comply with the following provisions of Minn. St. 1971, § 466.05, subd. 1:

"Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice."

The complaint alleges that plaintiff was seriously injured and mutilated on January 1, 1972, when a snowmobile which he was operating collided with a bale of barbed wire which had been negligently left at

the site of the accident by defendant's employees and subsequently concealed by snow. Plaintiff's summons and complaint were served on February 1, 1973. At no time prior to the commencement of this action did plaintiff give formal written notice to defendant of his tort claim.

In Kelly v. City of Rochester, 304 Minn. 328, 333, 231 N. W. 2d 275, 277 (1975), we construed Minn. St. 1971, § 466.05, subd. 1, to mean that no formal notice from the injured plaintiff is required if the municipal defendant has actual notice from another source. We remand for a determination by the trial court as to whether the defendant here had actual notice within the statutory 30-day period.

We note that the injury here involved occurred on January 1, 1972. Suit was not commenced until February 1, 1973. Thus, even though the city had actual notice within the statutory 30-day period, it may be that, in the absence of circumstances adequate to toll the 1-year statute of limitations, plaintiff's cause of action is barred.

If actual notice is not established, or if it is, and the action is barred for failure to commence the action within 1 year, then this court will, upon application for review and notice to the attorney general, consider the claim that § 466.05, subd. 1, is unconstitutional.

Remanded.