Harvey MOUNT, Jr., Plaintiff
and Appellant,

v.

CITY OF VERMILLION, a Municipal
Corporation, Defendant and
Respondent.

No. 11699.

Supreme Court of South Dakota.

Argued March 16, 1976.

Reassigned Jan. 6, 1977.

Decided Feb. 17, 1977.

Mark V. Meierhenry, Vermillion, for plaintiff and appellant.

William P. Fuller and Timothy J. Nimick of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and respondent.

DUNN, Chief Justice (on reassignment).

This action was instituted to recover $165,000 in damages for personal injuries incurred in a Vermillion city park. After considering depositions presented to it, the First Judicial Circuit Court granted summary judgment for defendant city, ruling that plaintiff had not complied with the sixty-day notice requirement of SDCL 9–24–2.[1] Plaintiff appeals that order. We reverse.

On the evening of April 23, 1974, plaintiff was using a swing in the Lyons Park in Vermillion when a part of the chain or seat fastener slipped or broke. Plaintiff fell, landing first on his tailbone and then striking the back of his head. For the next week, plaintiff had soreness in his back and throughout his body. When he developed cramps in his stomach, he saw his doctor who prescribed some medication for a "nervous stomach." The stomach pains continued for an additional week. During that time, plaintiff sought relief through painkillers administered as an outpatient at the local hospital. He continued to work during this time. The pains continued until hospitalization was necessary on May 19, 1974. During his stay, plaintiff's spleen, which had ruptured, was removed. He remained in the hospital until May 26, 1974.

Plaintiff was readmitted to the hospital on May 29, 1974. He was subsequently transferred to St. Joseph's Hospital in Sioux City, Iowa, where a second operation was performed to remove blood clots from his intestines. Plaintiff was released June 16, 1974, and returned to work July 9, 1974. By a letter dated November 4, 1974, plaintiff filed a notice of the April 23rd incident with the city auditor.

Plaintiff attacks the constitutionality of SDCL 9–24–2, alleging the classifications of municipal tort-feasor and private tort-feasor are arbitrary, constitute special legislation, and are a denial of due process. As part of this argument, plaintiff claims the trial court denied him relief and due process by not applying SDCL 9–24–3, which reads as follows:

> "Where the person injured is a minor, or is mentally or physically incapacitated, the court in its discretion, may grant leave to serve the notice required by § 9–24–2 within a reasonable time after the expiration of the period of disability, provided that the application for such leave is made within a year from the happening of the event upon which the claim is based."

Plaintiff contends that because of his physical incapacity during the sixty-day requirement of SDCL 9–24–2 the court should have allowed him leave to file the claim under SDCL 9–24–3.

The court held that SDCL 9–24–2 was constitutional and that, although plaintiff was admittedly physically incapacitated during a portion of the sixty-day period, he was not "unable, by reason of his disability, to give the notice within the period fixed by Statute." Because plaintiff admitted competency during thirty-five of the sixty days the court found he had a "reasonable time" in which to comply with the notice requirement.

■ We cannot agree with the court's interpretation of SDCL 9–24–3. Following his fall, plaintiff was dazed and sore; however, there was nothing about the incident that indicated serious injury until the stom-

---

1. "No action for the recovery of damages for personal injury or death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury."

ach cramps developed more than a week after the incident. These were initially diagnosed as being caused by tension, which would hardly alert plaintiff that they were caused by the fall. It was not until May 19, 1974, that the seriousness of the incident became known, and, at that time, plaintiff was hospitalized and physically incapacitated. The court's holding would require plaintiff to give notice of an injury before it was known or within six days after his final release from the hospital. We hold this interpretation is unreasonable and inequitable, resulting in the same type of anomaly recognized in *Burkard v. City of Dell Rapids*, 1955, 76 S.D. 56, 72 N.W.2d 308, i. e., that a city may escape liability by rendering its victims sufficiently disabled to prevent a claim within sixty days. Our legislature in 1961 adopted what is now SDCL 9–24–3 which we construe as tolling the sixty-day limitation not only where a victim is injured for the whole sixty days but also where, as here, physical incapacity occurs following a belated discovery of the injury within the sixty-day limit.

We must endeavor to determine whether plaintiff should have been granted leave to serve notice under SDCL 9–24–3. This court in *Brandner v. City of Aberdeen*, 1960, 78 S.D. 574, 105 N.W.2d 665, and in *Burkard v. City of Dell Rapids,* supra, stated that an incapacitated person must give the statutory notice within a reasonable time after removal of the disability. SDCL 9–24–3 provides precisely the same thing so long as the application is made within one year of the accident. The purpose both of allowing SDCL 9–24–3 to toll SDCL 9–24–2 and of allowing a reasonable time after the disability is to place the incapacitated person in the same position as someone injured but not incapacitated. In furthering this purpose, we hold that what is a reasonable time within the absolute statutory limit of one year from the date of the accident is a question to be determined from all of the circumstances surrounding an injury and recovery. Therefore, we remand the case for examination by the trial court of the reasonableness of the November 4, 1974 notice, doing so in the light of all of the facts and circumstances of this case. Because of our disposition of this issue, we need not rule on the constitutionality of SDCL 9–24–2 at this time.

Plaintiff additionally contends that the city had actual knowledge which should prevent it from utilizing SDCL 9–24–2. He cites *Inlagen v. Town of Gary*, 1914, 34 S.D. 198, 147 N.W. 965, and *Hagberg v. City of Sioux Falls*, 1968, D.C.S.D., 281 F.Supp. 460, in support of his position. In *Inlagen*, the city received a letter from the plaintiff's attorney requiring settlement and calling to the clerk's attention the time, place and cause of the injury. In *Hagberg*, the city had knowledge of the event minutes after it occurred.

Viewing the evidence in the light most favorable to plaintiff, *Wilson v. Great Northern Ry. Co.*, 1968, 83 S.D. 207, 157 N.W.2d 19, it appears he discussed the incident with his fellow workers and informed the city park and recreation director of the fact of the fall. He told the director to repair the swing, which was done; however, he did not tell him of his injury. The director told the city manager of the fall, but he did not file a written accident report, which he would have done if he had known of an injury. Plaintiff, a city employee, also filed a claim with the city's hospitalization insurer in which he described the accident, and submitted an application to the city's accident insurer. Before preparing the application, he discussed it with the city auditor, and she testified she learned the facts of the incident from others.

Counsel for the city during oral argument on the motion for summary judgment conceded that the city had actual notice of this occurrence. At page 75 of the record, he stated:

"And it seems that the Plaintiff's crux on the matter is that because the city did have actual notice, and there is no dispute about that, the record shows that, but because of that fact the Statute means nothing."

Again, at page 78 of the record, counsel stated:

" \* \* \* the thrust of the opposition to the summary judgment is on the basis of actual knowledge and as the file shows, *we had actual knowledge within 24 hours,* I think, after it occurred. And in fact we went out and made repairs to the swing. *So we knew about it.*" (emphasis supplied)

▆▆▆ SDCL 9–24–2 is a statute prescribing a very limited method by which a person may seek a claim against a city. A claimant should be permitted to produce all the evidence available to show reasonable compliance with the notice statute. Thus, if plaintiff can establish that the city received written notice of the accident within sixty days after the accident or within a reasonable time after plaintiff's disability terminated, either through notice to the city manager, who is charged by statute with managing the affairs of the city, SDCL 9–10–15, or an agent of the city's liability insurance carrier, he should not be nonsuited because he may have failed to give written notice to the auditor. See: *Ebel v. Village of South International Falls,* 1976, Minn., 244 N.W.2d 496; *Miller v. City of Charlotte,* 1975, 288 N.C. 475, 219 S.E.2d 62; *Kelly v. City of Rochester,* 1975, 304 Minn. 328, 231 N.W.2d 275; *Seifert v. City of Minneapolis,* 1973, 298 Minn. 35, 213 N.W.2d 605; *Vermeer v. Sneller,* 1971, Iowa, 190 N.W.2d 389; Annot., 23 A.L.R.2d 969.[2] As pointed out in *Kelly*:

> "[w]hile this notice of the injury is not proof that [plaintiff] was making a claim, it nevertheless indicates that the city was alerted to make whatever investigation it needed to in order to defend itself in a possible suit, which is supposed to be the reason for requiring adherence to the notice requirement in the first place." 231 N.W.2d at 277.

See also, *Jenkins v. Board of Education of Minneapolis Special School Dist. No. 1,* 1975, 303 Minn. 437, 228 N.W.2d 265.

Reversed and remanded for trial.

WOLLMAN and ZASTROW and PORTER, JJ., concur.

MORGAN, J., concurs in part and dissents in part.

MORGAN, Justice (concurring in part and dissenting in part).

I concur with the majority opinion to the extent that I am convinced from the record that the claimant was entitled to the benefit of the provisions of SDCL 9–24–3 because of his incapacity during the major portion of the sixty days during which the statute of limitations under SDCL 9–24–2 was running and I agree that the case should be remanded to the trial court to determine whether the notice of November 4, 1974 was given within a reasonable time after the expiration of the period of disability. To arrive at this decision the trial judge will have to keep in mind that the legislature by its enactment determined that sixty days was a reasonable period of time where no incapacity occurred. It would seem to me that an extension of sixty days from the date when the plaintiff's incapacity concluded would be reasonable.

As to the balance of the opinion however, with respect to the adequacy of the purported notice, the case of *Inlagen v. Town of Gary,* 1914, 34 S.D. 198, 147 N.W. 965, and *Hagberg v. City of Sioux Falls,* 1968, D.C.S.D., 281 F.Supp. 460, cited by the plaintiff and mentioned by the majority in their opinion are not authority for the point contended, that is, that actual knowledge would prevent the city from utilizing SDCL 9–24–2. In *Inlagen* the city had notice by letter from the plaintiff's attorney which that court held adequate to meet the requirements of the statute which provides for notice from the claimant or his attorney. In *Hagberg,* claimant had filed a petition for leave to give late notice and the court had entered an order granting him leave.

---

**2.** In so holding we decline to follow the language in *Brandner v. City of Aberdeen,* 1960, 78 S.D. 574, 579–580, 105 N.W.2d 665, 668, that "a statute designating the person to whom service of notice shall be made is mandatory and that delivery to a person other than the one named in the statute is an insufficient compliance."

The majority opinion points out the haphazard and fragmentary manner in which the city or any of its various departments or employees had received any kind of notice whatever of the occurrence. It is inconceivable to me that, by any stretch of the imagination, this could begin to comply with the legislative requirements. In fact this is a good example of the reason for the requirements. The citations of statements by counsel for the city conceding that the city had actual notice of the occurrence points out to me that at most they had knowledge of the fact that a swing had broken or become disconnected. As I read the record the plaintiff himself didn't know within twenty-four hours that he had a potential claim because he didn't know he was injured.

Going back to the *Inlagen* case the court there pointed out that the purpose of the notice, as required by statute, is to apprise the municipality of the fact that an accident *from which a claim could arise had occurred* (emphasis added) so that the officers of such city or town may have an opportunity to investigate the cause of such accident, if any, while the conditions which resulted from such accident are, as nearly as may be, the same as when the accident occurred.

I would further point out that the insurance claims made as mentioned in the majority opinion were for hospitalization insurance coverage which plaintiff carried under the city and for accident insurance coverage which he likewise carried under the city, but nowhere in the record does it show that any claim was made to the city's liability insurance carrier.

This is not to intimate that I would consider such claim to be in compliance with the statutory requirement. The requirements for notice are entirely within the prerogative of the legislature and so long as the legislature's scheme meets constitutional requirements it is not up to this court to amend them.