**Stanley KOSSAK, Appellant,**

v.

**Charles M. STALLING and the City of Duluth, Respondents.**

No. 48648.

Supreme Court of Minnesota.

March 2, 1979.

---

Courtney, Gruesen & Petersen and James J. Courtney, III, Duluth, for appellant.

William P. Dinan, City Atty., and Bryan F. Brown, Asst. City Atty., Duluth, for respondent.

Daniel B. O'Leary, St. Paul, for Minnesota Trial Lawyers Assn.

Robert J. Alfton, City Atty., Minneapolis, for City of Minneapolis.

SCOTT, Justice.

This appeal involves a claim for damages by plaintiff Stanley Kossak, a resident of Wisconsin, against defendant City of Duluth for injuries plaintiff suffered in an automobile accident allegedly caused by the negligence of defendant Charles Stalling, a

Duluth employee. In an order dated February 27, 1978, the St. Louis County District Court granted Duluth's motion for dismissal on the ground that plaintiff failed to comply with the provisions of Minn.St.1971, § 466.05. Plaintiff appeals from the district court's order.[1] We reverse.

Plaintiff alleges in his complaint that on or about March 3, 1972, a vehicle he was driving was struck from behind by a vehicle owned by Duluth and operated by Stalling. Legislation in effect at that time, Minn.St. 1971, § 466.05,[2] which has since been amended, provided that no action for damages could be maintained against a municipality unless (1) notice of the claim was given within 30 days of the alleged loss, and (2) suit was commenced within 1 year after such notice.[3] No notice of claim was given by plaintiff to Duluth, and suit was not commenced against Duluth until March 9, 1976, about 4 years after the accident. On February 3, 1978, at a pretrial conference, Duluth made an oral motion to dismiss the complaint against it on the ground that plaintiff had not complied with the provisions of Minn.St.1971, § 466.05. At that time, the district court orally granted Duluth's motion and on February 27, 1978, issued a written order to that effect.

In his complaint, plaintiff alleged that the statute in question was constitutionally infirm. Accordingly, on appeal plaintiff claims that the trial court erred by dismissing the complaint against Duluth because the notice of claim and commencement of suit provisions of Minn.St.1971, § 466.05, are unconstitutional. The Attorney General was notified of the constitutional challenge to the statute and has waived his right to intervene in this appeal. Amicus curiae briefs have been filed with the court by the Minnesota Trial Lawyers Association and the City of Minneapolis.

This case presents the following issues:

(1) Was there substantial compliance with the notice requirement of Minn.St. 1971, § 466.05, alleviating the necessity of reaching the constitutional issue?

(2) Is the commencement of suit provision of Minn.St.1971, § 466.05, as applied to a victim of an automobile accident, unconstitutional under the Equal Protection Clause of the United States Constitution?

■ 1. It is undisputed by the parties that plaintiff did not comply with the express terms of the notice provision contained in Minn.St.1971, § 466.05. This, however, is not fatal to plaintiff's cause. If substantial compliance can be shown, the notice requirement of the statute will be satisfied. *Kelly v. City of Rochester,* 304 Minn. 328, 231 N.W.2d 275 (1975); *Jenkins v. Board of Education of Minneapolis Special School Dist. No. 1,* 303 Minn. 437, 228 N.W.2d 265 (1975); *Seifert v. City of Minneapolis,* 298 Minn. 35, 213 N.W.2d 605 (1973). This court recently held, in *Kelly v.*

1. The district court also ordered judgment in Duluth's favor and therefore the trial court's order is properly appealable. See, *Buchman Plumbing Co. v. Regents of University of Minnesota,* 293 Minn. 437, 196 N.W.2d 629 (1972).

2. Minn.St.1971, § 466.05, reads in part as follows: "Subdivision 1. Notice required. Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and

damages within 15 days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice."

3. Minn.St. 466.05, as now written, generally requires that notice of claim be given within 180 days of the alleged loss and suit be commenced within 1 year after such notice. Where the injury, however, involves a motor vehicle owned by the municipality, or operated by a municipality's employee, no notice of claim is required and suit must be commenced within 2 years of the accident. Minn.St. 466.05, subd. 2.

*City of Rochester, supra,* that a municipality's actual notice of a possible claim will constitute substantial compliance with the notice provision. As we stated there:

"  *  *  * actual notice on the part of the municipality or its responsible officials of sufficient facts to reasonably put the governing body of the municipality on notice of a possible claim will be in compliance with the notice requirements of Minn.St.1971, § 466.05, subd. 1. Our holding today does no more than follow the trend of our recent opinions in recognizing the arbitrariness of the notice provision and in an attempt to remedy this injustice, we declare that substantial compliance is accomplished by actual notice on the part of the municipality even if such knowledge is acquired through its own procedures or personnel." 304 Minn. 333, 231 N.W.2d 278.

See, also, *Ebel v. Village of South International Falls,* 309 Minn. 580, 244 N.W.2d 496 (1976).

█ In this case, Stalling submitted a "vehicle collision report" to Duluth about two weeks after the accident, noting that plaintiff was apparently injured. Moreover, in automobile accident situations it is reasonable to assume that a municipality will receive actual notice of the incident from the employee involved in the accident. Indeed, the legislature has recognized this fact by no longer requiring notice of claims arising from motor vehicle collisions. Minn.St. 466.05, subd. 2. Accordingly, since Duluth had actual notice of a possible claim by plaintiff, we find that the notice requirement of Minn.St.1971, § 466.05, was satisfied and therefore we need not decide the constitutional validity of that portion of the statute. See, *Housing and Redevelopment Authority of St. Paul v. Greenman,* 255 Minn. 396, 96 N.W.2d 673 (1959).

2. It is clear, however, that plaintiff did not commence suit within 1 year of notice as required by the statute. We are, therefore, confronted with the constitutionality of this part of the statute.

Although never ruling directly on the question, in recent years this court has ex-pressed great concern over the constitutionality of the provisions contained in Minn.St. 466.05. See, *e. g., Olander v. Sperry & Hutchinson Co.,* 293 Minn. 162, 197 N.W.2d 438 (1972); *Altendorfer v. Jandric, Inc.,* 294 Minn. 475, 199 N.W.2d 812 (1972); *Jenkins v. Board of Education,* 303 Minn. 437, 228 N.W.2d 265 (1975); *Ebel v. Village of South International Falls,* 309 Minn. 580, 244 N.W.2d 496 (1976); *Kelly v. City of Rochester,* 304 Minn. 328, 231 N.W.2d 275 (1975). For example, the *Olander* case, *supra,* was decided on statutory grounds, but we nevertheless noted that "  *  *  * judicial patience should not be confused with judicial impotence, especially where constitutional rights may be concerned." 293 Minn. 164, 197 N.W.2d 440. Similarly, in *Altendorfer, supra,* without deciding the constitutional issue, this court recommended that the legislature give consideration to the situations in which the application of § 466.05 produces inequitable results, and we noted that "[u]nlike an issue of purely statutory construction, judicial resolution of which becomes engrafted upon the statute by subsequent inaction of the legislature, the issue of the constitutionality of a statute is not so circumscribed." 294 Minn. 481, 199 N.W.2d 816. In the *Jenkins* decision, *supra,* three members of the court, by way of concurring opinions, went so far as to find the provisions of the statute unconstitutional. 303 Minn. 442, 228 N.W.2d 269.

In contrast to the judicial restraint exercised by this court, a growing number of courts have declared legislation similar in scope to that in consideration here to be constitutionally invalid under the Equal Protection Clause. See, *Reich v. State Highway Department,* 386 Mich. 617, 194 N.W.2d 700 (1972); *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879, certiorari denied 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973); *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975); *O'Neil v. City of Parkersburg,* W.Va., 237 S.E.2d 504 (1977). In addition, various commentators have persuasively reasoned that legislation analogous to that involved here constitutes a denial of equal protection of the laws. See, Note, 4 Wm. Mitchell L.Rev. 93, 113 (1978); Note, 60 Cornell L.Rev. 417

(1975); Comment, The Constitutionality of California's Public Entity Tort Claim Statutes, 6 Pac.L.J. 30 (1975).

U.S.Const. Amend. XIV, § 1, provides that no statute shall "deny to any person within its jurisdiction the equal protection of the laws." The purpose of this constitutional provision is to " * * * secure to every person the right to be free from arbitrary and intentional discrimination." *Price v. Amdal,* 256 N.W.2d 461, 468 (Minn.1977). Accordingly, the Equal Protection Clause requires that a legislative classification apply uniformly to all those similarly situated; that the distinctions separating those who are included within the classification from those who are excluded are not arbitrary or capricious, but instead are real and substantial; and that the classification is consonant with a lawful purpose. *Schwartz v. Talmo,* 295 Minn. 356, 205 N.W.2d 318, appeal dismissed 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973). See, also, *State v. Knox,* 311 Minn. 314, 250 N.W.2d 147 (1976).

The commencement of suit requirement of Minn.St.1971, § 466.05, in effect draws a distinction between municipal and private tortfeasors and consequently distinguishes between victims of governmental and nongovernmental wrongdoers. See, *Reich v. State Highway Department, supra.* For this legislative classification to be constitutionally valid, it must be rationally[4] related to a legitimate governmental pur-

pose. See, *Davis v. Davis,* 297 Minn. 187, 210 N.W.2d 221 (1973).

The claimed justifications for this commencement of suit provision are: (1) To provide the municipality with an early opportunity to investigate claims; (2) to facilitate settlement; (3) to correct any defects revealed by the occurrence; (4) to prevent stale and fraudulent claims; and (5) to aid in budget planning. See, *Hirth v. Village of Long Prairie,* 274 Minn. 76, 143 N.W.2d 205 (1966).

In light of the fact that, in this case, the required notice of plaintiff's claim was received prior to the time suit should have been commenced, it is difficult to understand how the above governmental purposes could be furthered by the added requirement that suit be brought within 1 year of such notice. After notice is given, the municipality is presumably aware of the incident giving rise to plaintiff's claim and thus the municipality, solely by reason of the notice, is able to promptly investigate the claim; to enter into settlement negotiations; to correct defects; to prevent stale and fraudulent claims; and to budget for a potential claim.[5] Clearly, no additional purpose is served by requiring that suit be commenced within 1 year of the time notice is given. Thus, the requirement that suit be commenced within 1 year of the giving of notice, as applied to the victim of an automobile accident, is not rationally related to any legitimate government function.[6]

---

**4.** We note that some courts and commentators have advocated the use of the evolving "fair and substantial" level of scrutiny when reviewing the constitutionality of legislation similar to that involved here. See, e. g., Note, 4 Wm. Mitchell L.Rev. 93, 113; *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975). Since we find that the classification created by the commencement of suit provision contained in Minn.St.1971, § 466.05, is not even rationally related to a legitimate government purpose we need not consider the propriety of applying this newly-recognized standard of review.

**5.** We note that it is questionable whether, even without prior notice, a municipality's budget planning is aided by requiring suit to be

brought within 1 year of the alleged loss. As was stated in the well-reasoned decision in *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975): " * * * governmental entities so small as to be unable to use actuarial methods to forecast liabilities and self-insure, usually will purchase insurance like any private individual or corporation. 'Municipalities seldom budget for claim payments; they carry liability insurance as the statutes permit.'" (Citation omitted.) 539 P.2d 849.

**6.** Even if the commencement of suit requirement furthered a governmental objective, we have great doubt whether there exists a proper basis for distinguishing between a person injured by a vehicle belonging to a municipal

Accordingly, consistent with the enlightened trend of authority, we hold that where plaintiff is involved in an automobile accident with a municipal vehicle, and the municipality has notice of plaintiff's claim, the 1-year commencement of suit requirement contained in Minn.St.1971, § 466.05, is invalid as a denial of equal protection of the laws.[7] Consequently, we reverse the district court and remand for a trial on the merits.

Reversed and remanded.

TODD, J., took no part in the consideration or decision of this case.

corporation and one belonging to a private corporation or anyone else. However, we do not decide that question because of our conclusion that the commencement of suit provision contained in Minn.St.1971, § 466.05, does not further a legitimate government purpose.

7. Therefore, plaintiff's negligence claim is subject to the usual 6-year limitation period provided for in Minn.St. 541.05 subd. 1(5). See, *American Mutual Liability Ins. Co. v. Reed Cleaners,* 265 Minn. 503, 122 N.W.2d 178 (1963).