Celeste NAYLOR, Appellant,

v.

The MINNESOTA DAILY, et al., Respondents,

State of Minnesota, Intervenor, Respondent.

No. C5–83–39.

Supreme Court of Minnesota.

Jan. 20, 1984.

Schermer, Schwappach, Borkon & Ramstead, Ltd., Barbara L. Heck, Minneapolis, for appellant.

Marshall H. Tanick and Samuel D. Heins, Minneapolis, for respondents Minnesota Daily, et al.; R. Joel Tierney, Minneapolis, of counsel.

Hubert H. Humphrey, III, Atty. Gen., Cooper S. Ashley, Sp. Asst. Atty. Gen., St. Paul, for State of Minn., respondent intervenor.

DeParcq, Perl, Hunegs, Rudquist & Koenig, P.A., Barbara J. Rudquist, Minneapolis, amicus curiae on behalf of Gertrude E. Heuer.

TODD, Justice.

Celeste Naylor filed a libel suit against the University of Minnesota student newspaper and other defendants. The suit was dismissed for failure to file notice of claim within 180 days as required by Minn.Stat. § 3.736, subd. 5 (1982). We reverse on the grounds that the failure to file notice is not a jurisdictional prerequisite of the statute.

On March 10, 1980, the student newspaper of the University of Minnesota published a photograph of Celeste Naylor, a 43-year-old woman. The photo bore this caption:

There were quite a few older women * * cruising. This was one of the more obvious examples. People tend to be more obvious at the state fair, especially on the midway, where everything is so blatant.

Ms. Naylor became aware of the photograph in March or April 1980, shortly after its publication. She contacted the newspaper eleven months later, on February 25, 1981. On that date her attorney sent a letter to the University claiming it had libeled Ms. Naylor. She began a lawsuit a

year later, in February 1982, alleging the photograph had defamed her by falsely accusing her of unchastity and sexual promiscuity.

Defendants, who included the Minnesota Daily, the University of Minnesota, the Board of Student Publications and the student photographer who took the picture, brought a motion in September 1982 to dismiss the lawsuit on a number of grounds. After a hearing on the matter, the Hennepin County District Court dismissed the complaint for failure of plaintiff to notify defendants of her claim within 180 days as required by Minn.Stat. § 3.736, subd. 5. Ms. Naylor had sought an order determining the statute unconstitutional and had notified the attorney general pursuant to Minn.R.Civ.P. 24.04. She admitted she failed to give the required notice and did not argue actual notice or substantial compliance with the statute. The trial court ruled that the statute does not violate due process or equal protection guarantees. The trial court did not rule on defendants' other grounds for dismissal. Ms. Naylor appeals from the trial court's order dated December 2, 1982.

In 1975 the court prospectively abolished the state's sovereign immunity. *Nieting v. Blondell,* 306 Minn. 122, 235 N.W.2d 597 (1975). In response thereto the 1976 Minnesota legislature adopted the Tort Claims Act, Act of April 20, 1976, ch. 331, § 33, 1976 Minn.Laws 1282, 1293–97. The notice of claim provision, Minn.Stat. § 3.736, subd. 5, provides:

> Subd. 5. Notice required. Except as provided in subdivision 6, every person, every plaintiff, defendant or third party plaintiff or defendant, who claims compensation from the state or a state employee acting within the scope of his employment for or on account of any loss or injury shall present to the attorney general of the state or, in the case of a claim against the university of Minnesota, to the person designated by the regents of

the university as the university attorney, and any state employee from whom the claimant will seek compensation, within 180 days after the alleged loss or injury is discovered, a notice stating the time, place and circumstances thereof, the names of any state employees known to be involved, and the amount of compensation or other relief demanded. Actual notice of sufficient facts to reasonably put the state or its insurer on notice of a possible claim complies with the notice requirements of this section. Failure to state the amount of compensation or other relief demanded does not invalidate the notice, but the claimant shall furnish full information available regarding the nature and extent of the injuries and damages within 15 days after demand by the state. The time for giving the notice does not include the time during which the person injured is incapacitated by the injury from giving the notice.

This section is copied almost verbatim from the municipal notice of claim statute which was adopted in 1963 and amended several times. Minn.Stat. § 466.05 (1982). There is, however, one most notable exclusion. The municipal notice statute contains in subdivision one the following language which does not appear in the State Tort Claims Act, to-wit: "No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice." [1]

The State Tort Claims Act contains no other provision stating that failure to give notice is grounds for dismissal of the complaint. The only limitation on actions is set forth in subdivision 11, which provides: "The statute of limitations for all tort claims brought against the state shall be as set forth in chapter 541 and other applicable laws." Minn.Stat. § 3.736, subd. 11 (1982). Ms. Naylor's action was brought within the required time period.

---

**1.** In *Kossak v. Stalling,* 277 N.W.2d 30 (Minn. 1979) we held that the requirement that the action be commenced within one year was unconstitutional. We found that there had been actual notice given so we did not reach the issue of the constitutionality of the notice requirement.

A review of the legislative history of the State Tort Claims Act reveals that an earlier version of the act required notice as a condition precedent to suit. The bill, H.F. 2169 (1976), had a blanket two-year statute of limitations for all claims brought against the state and an additional sentence that stated: "Provided, however, that no action may be maintained unless the notice requirements of section 3 have been met."

The bill was approved by the House and referred to the Senate Judiciary Committee, which also was considering a tort claims bill from the Senate, S.F. 2098 (1976). The Judiciary committee did not pass either bill during its March 16, 1976 meeting. The next day, however, there was introduced in the Senate Finance Committee a Tort Claims Act as an amendment to an appropriations bill, S.F. 2581 (1976). This amendment contained no mention of the notice as a bar to suit or even a statute of limitations. The current subdivision 11 of Minn.Stat. § 3.736 was added during conference committee consideration of S.F. 2581, and was subsequently enacted into law.

The language of the state notice provision parallels that of the municipal notice provision with the exception of the sentence that precludes the maintenance of an action against the state unless notice is given. The sentence is conspicuous by its absence. The legislature appeared to have made a conscious decision to exclude that sentence and rejected later opportunities to include that language. The only part of the statute that arguably acts as a substitute for the omitted language in the notice provision is subdivision two, which provides:

> Procedure. Claims of various kinds shall be considered and paid only in accordance with, the statutory procedures provided. Where there is no other applicable statute, a claim shall be brought pursuant to this section as a civil action in the courts of the state.

Minn.Stat. § 3.736, subd. 2 (1982).

This section could be read to preclude payment of any claim in which the notice provisions of the State Tort Claims Act were not met. But no legislative intent to substitute this broad general language for the explicit requirement of the municipal statute is evident. Such an intention is highly unlikely since the legislature had before it examples of statutory provisions clearly barring suit in the event the claimant fails to give notice.

The municipal statute is explicit in its intent to preclude suits where notice is not given. Besides the language in the notice provision itself, another section of the statute also mentions the consequences of failing to give notice. Exceptions to the notice requirement are provided in subdivision two of the municipal statute. The statute then clearly sets a separate statute of limitations for the exceptions, stating:

> Where no notice of claim is required under this chapter, no action shall be maintained unless the action is commenced within two years after the date of the incident, accident or transaction out of which the cause of action arises.

Minn.Stat. § 466.05, subd. 2.

The state tort claims statute has only one provision Minn.Stat. § 3.736, subd. 11, which limits the time claimants have to bring an action.

The notice provision is not, however, without purpose and effect. This court has previously recognized as legitimate the purposes of such a notice requirement. Notice provides the government with an early opportunity to investigate claims, facilitates settlement without litigation, allows the government to correct defects revealed before further injury occurs and protects against stale and fraudulent claims. *See Hirth v. Village of Long Prairie,* 274 Minn. 76, 79, 143 N.W.2d 205, 207–208 (1966).

■ These purposes are furthered by construing the notice provision as a nonjurisdictional defect in the plaintiff's case. The state could assert the absence of notice as a defense, providing it can establish prejudice. The trier of fact could consider the effect of the failure to receive notice in

determining liability or damages. But the case may not be dismissed. This is consistent with this court's construction of notice provisions in insurance contracts. *See Reliance Ins. Co. v. St. Paul Ins. Companies,* 307 Minn. 338, 239 N.W.2d 922 (1976).[2]

Interpreting the notice of claim provision in this manner avoids an unnecessary constitutional interpretation as to the jurisdictional effect of the state notice provision. Unlike the municipal statute, the state act does not create a two-tiered statute of limitations applicable only to claimants suing a governmental entity.

Reversed and remanded for trial.

SCOTT, Justice (concurring specially).

I agree with the majority that the dismissal of this action against the state by the trial court must be reversed. I also agree that the constitutional issues need not be reached to sustain that reversal. I am troubled by the probable confusion created by elevating the notice provisions of such statutes to a level that will certainly be misinterpreted.

The clear implication of *Kossak v. Stalling,* 277 N.W.2d 30 (Minn.1979), is that, had we been required to reach the constitutional question on the notice issue as well as the time-bar issue, both propositions would have been found unconstitutional rather than merely the statute of limitations provision. It should be made clear that the quoting of Minn.Stat. § 466.05 and other "notice" provisions, or the citing of *Hirth v. Village of Long Prairie,* 274 Minn. 76, 143 N.W.2d 205 (1966), and *Reliance Insurance Co. v. St. Paul Insurance Companies,* 307 Minn. 338, 239 N.W.2d 922 (1976), in the majority's analysis, does not in any way reassert the constitutionality of jurisdictional notice provisions involving state action in whole or in part.

We should reiterate our intent by this quotation from *Kossak,* 277 N.W.2d at 34:

U.S. Const. Amend. XIV, § 1, provides that no statute shall "deny to any person within its jurisdiction the equal protection of the laws." The purpose of this constitutional provision is to " * * * secure to every person the right to be free from arbitrary and intentional discrimination." *Price v. Amdal,* 256 N.W.2d 461, 468 (Minn.1977). Accordingly, the Equal Protection Clause requires that a legislative classification apply uniformly to all those similarly situated; that the distinctions separating those who are included within the classification from those who are excluded are not arbitrary or capricious, but instead are real and substantial; and that the classification is consonant with a lawful purpose. *Schwartz v. Talmo,* 295 Minn. 356, 205 N.W.2d 318, appeal dismissed 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973). See, also, *State v. Knox,* 311 Minn. 314, 250 N.W.2d 147 (1976).

YETKA, Justice (concurring specially).

I join in the special concurrence of Justice SCOTT.

---

**2.** In *Reliance,* we held that the insurers failed to show actual prejudice caused by the insured's delay in giving notice as required by the policy. Another example of this type of statute is found

in the No-Fault Act. Minn.Stat. § 65B.55, subd. 1 provides that insurers may require policy holders to give notice of claims within six months or longer.