**Ruth M. O'BRIEN, Trustee for the heirs of Don P. O'Brien, decedent, Appellant.**

v.

**MERCY HOSPITAL AND CONVALESCENT NURSING CARE SECTION, Respondent,**

**Gateway Family Health Clinic, Ltd., Respondent,**

**Pine County d.b.a. Pine County Ambulance, Respondent.**

**No. CX–84–760.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Mark A. Hallberg, Hvass, Weisman & King, Chtd., Minneapolis, for appellant.

Joe J. Roby, Johnson, Fredin, Killen, Thibodeau & Seiler, Duluth, for respondent, Pine County d.b.a. Pine County Ambulance.

Heard, considered and decided by POPOVICH, C.J. and PARKER and LANSING, JJ.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

## NATURE OF THE ACTION

Appellant appeals the trial court's order dismissing respondent Pine County from this action pursuant to Minn.R.Civ.P. 12.03 for appellant's failure to comply with the notice provisions of Minn.Stat. § 466.05 (1980). Appellant claims there was substantial compliance with the provisions of Minn.Stat. § 466.05, subd. 1. Appellant also challenges the constitutionality of Minn.Stat. § 466.05. By letters dated March 9, 1984 and May 1, 1984, the Attorney General decided not to intervene in the trial court or this court. Believing the statute to be unconstitutional, we certify the matter to the Minnesota Supreme Court.

## STATEMENT OF THE FACTS

On September 1, 1981, Donald O'Brien, appellant's decedent, was seriously injured while making his first flight in an ultralight aircraft. The Pine County Ambulance service was called, and the attendants gave first-aid at the scene. The attendants were part-time volunteers. At the request of Mr. and Mrs. O'Brien, the ambulance took Donald O'Brien to Mercy Hospital in Moose Lake, Minnesota.

At Mercy Hospital, O'Brien was treated by Dr. Raymond Christensen. Dr. Christensen determined O'Brien needed surgery and ordered O'Brien transferred to St. Luke's Hospital in Duluth, Minnesota. The same ambulance attendants took O'Brien to Duluth.

While enroute to the Duluth hospital, O'Brien's heart stopped. Although the ambulance had been traveling approximately 80 mph on the interstate, the driver then increased speed and turned on the ambulance's lights and siren. O'Brien died approximately 20 minutes after arriving at St. Luke's Hospital in Duluth.

Appellant originally commenced a wrongful death action against Mercy Hospital alleging malpractice. When taking the deposition of Dr. Christensen on March 6, 1983, appellant obtained information indicating the ambulance attendants may have been negligent. An amended complaint adding respondent Pine County as a defendant was served on August 3, 1983. The amended complaint alleged the ambulance crew was negligent by failing to

transport O'Brien to Duluth as quickly as possible.

Pine County brought a motion to dismiss under Minn.R.Civ.P. 12.03. Respondent's motion claimed appellant failed to provide timely notice of a claim to Pine County as required by Minn.Stat. § 466.05 (1980). The trial court treated the motion as a motion for summary judgment and granted respondent's motion.

## ISSUES

1. Did appellant satisfy the notice requirements of Minn.Stat. § 466.05?

2. Does Minn.Stat. § 466.05 unconstitutionally deny equal protection under the law?

## ANALYSIS

■ 1. Appellant claims there was substantial compliance with the 180 day notice requirement of Minn.Stat. § 466.05, subd. 1 (1980). Respondent claims, and the trial court agreed, that appellant did not satisfy the requirements of Minn.Stat. § 466.05, subd. 1. Neither party argued Minn.Stat. § 466.05, subd. 2 (1980), which provides:

Exceptions to the notice requirement. Notice shall not be required to maintain an action for damages for or on account of any loss or injury within the scope of section 466.02 if such injury or loss:

(a) arises out of an intentional tort committed by an officer, employee or agent of the municipality; or

(b) *involves a motor vehicle or other equipment owned by the municipality or operated by an officer, employee or agent of the municipality.*

Where no notice of claim is required under this chapter, no action shall be maintained unless the action is commenced within two years after the date of the *incident, accident or transaction* out of which the cause of action arises.

*Id.* (emphasis added).

This matter falls within the exception of subdivision 2. An ambulance is a motor vehicle. The ambulance attendants were agents of Pine County, and the action was commenced within two years after the date of the accident.

This statutory exception could be interpreted as applying only to accidents. This interpretation, however, would ignore the broad language of the exception. The exception does not limit itself to accidents, but includes any injury that "involves a motor vehicle." Moreover, the last paragraph of subdivision 2 describes the scope of the exception as applying to any "incident" or "transaction" as well as any "accident."

2. The Minnesota Supreme Court appears to consider section 466.05 unconstitutional and has done everything possible to limit its application. The court ruled the one year commencement of action requirement of Minn.Stat. § 466.05, subd. 1 unconstitutional in 1979. *Kossak v. Stalling,* 277 N.W.2d 30, 35 (Minn.1979). In regard to the 180 day notice requirement, the court has expanded the notion of substantial compliance in order to avoid reaching the constitutional issue. *See id.* at 33.

In construing an almost identical statute, Minn.Stat. § 3.736 (1982), the court avoided the constitutional issue by holding the notice provision nonjurisdictional. *Naylor v. Minnesota Daily,* 342 N.W.2d 632, 634 (Minn.1984). Justice Scott, concurring specially, noted:

The clear implication of *Kossak v. Stalling,* 277 N.W.2d 30 (Minn.1979), is that, had we been required to reach the constitutional question on the notice issue as well as the time-bar issue, both propositions would have been found unconstitutional rather than merely the statute of limitations provision.

*Id.* at 635 (Scott, J., concurring specially).

■ Appellant claims section 466.05 violates the equal protection clauses of the United States and Minnesota constitutions. *See* U.S. Const. amend. XIV; Minn. Const. art 1, § 8. Appellant claims there is not a rational basis for requiring plaintiffs to provide a different form of notice when suing a governmental agency than is re-

quired to be given a nongovernmental entity.

Additionally, appellant claims the recent *Naylor v. Minnesota Daily* decision creates an unconstitutional distinction between persons who sue state government and those who sue a municipal government because notice to the state is nonjurisdictional while notice to a municipality is jurisdictional. *See Naylor,* 342 N.W.2d 632.

[T]he Equal Protection Clause requires that a legislative classification apply uniformly to all those similarly situated; that the distinctions separating those who are included within the classification from those who are excluded are not arbitrary or capricious, but instead are real and substantial; and that the classification is consonant with a lawful purpose.

*Kossak v. Stalling,* 277 N.W.2d at 34. Section 466.05 appears to create disparate classifications for similarly situated plaintiffs without a rational basis for these distinctions.

## DECISION

This court believes Minn.Stat. § 466.05 unconstitutionally denies equal protection under the law. Although this court could rest its decision on the statutory exception contained in Minn.Stat. § 466.05, subd. 2, this resolution would merely expand the law under a seemingly unconstitutional statute.

We believe the constitutional issues raised by appellants are so important that we request the supreme judicial body of this state to consider them. We believe a full review, including amici participation, is appropriate. Accordingly, we certify this appeal to the Minnesota Supreme Court pursuant to Minn.Stat. § 480A.10 (Supp. 1983) and Minn.R.Civ.App.P. 118.

## CERTIFICATION AND REQUEST

WHEREAS, the above-entitled appeal is now pending in this court; and

WHEREAS, this court has determined that certification of the matter to the Supreme Court for accelerated review pursuant to Minn.R.Civ.App.P. 118, subd. 3 and Minn.Stat. § 480A.10, subd. 2(b) (Supp. 1983) would be appropriate for the following reasons:

(1) The question is an important one upon which the Supreme Court has not but should rule,

(2) For the reasons and analysis as contained in the attached Memorandum Opinion and Order,

IT IS HEREBY REQUESTED that the Supreme Court approve the certification of this matter. Counsel for any party may file a response to this request with the Supreme Court Commissioner, 322 State Capitol, St. Paul, MN 55155 within 10 days of the date of this document.