Ruth M. O'BRIEN, Trustee for the
heirs of Don P. O'Brien,
decedent, Appellant,

v.

MERCY HOSPITAL AND CONVALES-
CENT NURSING CARE SECTION,
Gateway Family Health Clinic, Ltd.,
Pine County d.b.a. Pine County Ambu-
lance, Respondents.

No. CX–84–760.

Supreme Court of Minnesota.

Feb. 28, 1986.

Mark Hallberg, Minneapolis, for appel-
lant.

Thomas E. Dougherty, Minneapolis, for
Mercy Hosp.

Joe J. Roby, Duluth, for Pine City.

Nancy L. Gores, Duluth, for Gateway.

WAHL, Justice.

This is a wrongful death action brought
by plaintiff Ruth M. O'Brien as trustee for

the heirs of Donald P. O'Brien, who died as a result of an aircraft accident. Pine County was named as a defendant in the action for the alleged negligence of its ambulance attendants, who transported and gave first aid to O'Brien following the accident. The trial court granted the county's motion for dismissal, on the ground that the plaintiff had failed to give notice as required by Minn.Stat. § 466.05, subds. 1, 3 (1984). The plaintiff appealed this order to the Court of Appeals. The Court of Appeals requested certification of the matter for accelerated review in this court. We granted the request. We reverse the order of the trial court [1] dismissing the county as a party.

Donald O'Brien was seriously injured on September 1, 1981, when the ultralight aircraft he was operating near Sandstone, Minnesota, crashed to the ground. An ambulance owned and operated by Pine County was dispatched to the scene of the accident. The two ambulance attendants administered first aid to O'Brien, loaded him into the ambulance and, at Ruth O'Brien's request, transported him to Mercy Hospital in Moose Lake, Minnesota. At Mercy Hospital, O'Brien was treated by Dr. Raymond Christensen, who determined that O'Brien needed surgical treatment unavailable at Mercy and ordered the ambulance crew to transfer O'Brien to St. Luke's Hospital in Duluth. The crew transported O'Brien to St. Luke's, accompanied by his wife, Ruth O'Brien. One attendant was the driver, the other rode in the rear with the patient. Both stated in depositions that they knew Donald O'Brien was in critical condition.

The ambulance driver drove at approximately 80 miles per hour for most of the trip, without using the siren or red light, until, between Cloquet and Duluth, O'Brien's heart stopped beating. At that point, the attendant in the rear told the driver to "hit it," whereupon the driver increased the speed of the ambulance and turned on the siren. O'Brien was pronounced dead shortly after the ambulance arrived at the hospital. The attendants filed a trip report with the Pine County sheriff detailing the hours the ambulance was in operation, O'Brien's general condition on both trips, and the treatment provided at the scene and in the ambulance.

Ruth O'Brien, acting as trustee of her husband's estate, brought suit against Mercy Hospital and Gateway Family Health Clinic. On August 3, 1983, she served an amended complaint on respondent alleging that Pine County, acting through its ambulance attendants, had breached a duty of care owed to Donald O'Brien by *inter alia* failing to act with reasonable dispatch in transporting O'Brien and by failing to provide adequate first aid treatment, and that its negligent conduct was a cause of O'Brien's death. Ruth O'Brien claims that she first became aware of a possible claim against the county after Dr. Christensen stated in deposition that he probably told the ambulance attendants that the driver should get the deceased to Duluth as quickly as possible. Aside from the amended complaint, the only contacts between the county and the estate after Donald O'Brien's death were a letter written by Ruth O'Brien's attorney to the County Sheriff's Department on March 18, 1982, requesting any information received by that office regarding the ambulance run, and a conversation between Ruth O'Brien's attorney and one of the ambulance attendants. The ambulance attendant stated the attorney had asked for information only with respect to a possible suit against the hospitals.

The trial court, in ordering that Pine County be dismissed as a party, concluded that though the ambulance attendants had actual notice of a possible claim, such notice was insufficient under section 466.05 to permit the action to proceed against the

---

**1.** The Court of Appeals requested certification for accelerated review pursuant to Minn.R.Civ. App. P. 118, subd. 3 and Minn.Stat. § 480A.10, subd. 2(b) (1984). Section 480A.10 is the operant provision. Under that provision, acceler-ated review may be granted upon certification before a decision is reached in the Court of Appeals. Thus, our review is of the trial court order.

county. The trial court further concluded that the statute complied with the equal protection requirements of the federal and Minnesota constitutions. On appeal,[2] Ruth O'Brien contends that the county had sufficient notice of the claim and that, even if it did not, section 466.05 unconstitutionally discriminates against victims of governmental tortfeasors.[3]

■ We note at the outset the issue as to whether the motor vehicle exception to the notice requirement, contained in Minn. Stat. § 466.05, subd. 2(b) (1984), applies in this case was not properly before the Court of Appeals; nor is it before this court. However, because the applicability of the exception to undisputed facts is a question of law, eliminating possible prejudice in not having the issue decided by the trial court, *Byrd v. O'Neill*, 309 Minn. 415, 417, n. 2, 244 N.W.2d 657, 658–59 n. 2 (1976), and

because the issue would be dispositive of the case, we construe the scope of section 466.05, subd. 2(b). The express language of the exception does appear to permit the broad construction given it by the Court of Appeals. *O'Brien v. Mercy Hospital*, 356 N.W.2d 367, 369 (Minn.Ct.App.1984). When the exception is read in the light of the overall purpose of the notice requirement, however, it seems intended to apply only when the tort arises from an injury inflicted by the vehicle. In such a case, sufficient actual notice would likely be received by the municipality through ordinary internal reporting procedures, as such accidents ordinarily result in claims. *See Kossak v. Stalling*, 277 N.W.2d 30, 33 (Minn.1979). Additional notice from the victim would be superfluous, the purposes of the notice requirement having already been met. As is evident from this case,

2. We take jurisdiction over this appeal under Minn.R.Civ.App.P. 102, because the constitutional question presented in this matter is important and doubtful, even though the trial court's order was not an appealable final order under Minn. R.Civ.App.P. 103.03, and Ruth O'Brien did not petition for discretionary review under Minn.R. Civ.App.P. 105.

3. Minn.Stat. § 466.05 provides as follows:

Subdivision 1. Notice Required. Except as provided in subdivisions 2 and 3, every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 180 days after the alleged loss or injury is discovered a notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Actual notice of sufficient facts to reasonably put the governing body of the municipality or its insurer on notice of a possible claim shall be construed to comply with the notice requirements of this section. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 15 days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice.

Subd. 2. Exceptions to the notice requirement. Notice shall not be required to maintain an action for damages for or on account of any loss or injury within the scope of section 466.02 if such injury or loss:

(a) arises out of an intentional tort committed by an officer, employee or agent of the municipality; or

(b) involves a motor vehicle or other equipment owned by the municipality or operated by an officer, employee or agent of the municipality.

Where no notice of claim is required under this chapter, no action shall be maintained unless the action is commenced within two years after the date of the incident, accident or transaction out of which the cause of action arises.

Subd. 3. Claims for wrongful death; notice. When the claim is one for death by wrongful act or omission, the notice may be presented by the personal representative, surviving spouse, or next of kin, or the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death; if the person for whose death the claim is made has presented a notice that would have been sufficient had he lived an action for wrongful death may be brought without any additional notice.

Minn.Stat. § 466.05 (1984)

Pine County is a "municipality" within the meaning of the statute. Minn.Stat. § 466.01, subd. 1 (1984) (defining "municipality" to include any county).

sufficient notice does not necessarily or even ordinarily follow when the tort arises from negligence not involving a traffic accident. We hold that the motor vehicle exception of section 466.05, subd. 2(b) does not apply under the facts and circumstances of this case.

■ We affirm the trial court's finding that insufficient notice was given Pine County of a possible claim by plaintiff within the meaning of Minn.Stat. § 466.05 (1984). Even though the trial court could reasonably find that the ambulance attendants had actual notice of a possible claim, such notice did not constitute sufficient notice to the governing body of the county or its insurer. Notice to part-time, volunteer ambulance attendants is not notice to "a member of the city council or any other responsible official reasonably likely to place such notice before the governing body at its next meeting" as required by the "substantial compliance" rule set forth by this court in *Seifert v. City of Minneapolis*, 298 Minn. 35, 42, 213 N.W.2d 605, 609 (1973).

■ Reversal of the order dismissing plaintiff's complaint against Pine County is required, however, by our decision in *Glassman v. Miller*, 356 N.W.2d 655 (Minn. 1984). In *Glassman*, we struck the language of Minn.Stat. § 466.05, which precluded the bringing of an action unless notice is given pursuant to the statute, as violative of the equal protection requirements of both the state and federal constitutions because we could discern no rational basis for distinguishing between municipal and state tortfeasors. *Id.* at 656. After *Glassman*, failure to give notice is not grounds for dismissal of an action, but may be used as a defense provided the municipality can establish prejudice, consistent with the construction this court gave the state tort claims statute in *Naylor v. Minnesota Daily*, 342 N.W.2d 632, 634–35 (Minn.1984).

■ The question then arises whether *Glassman* is to be given retroactive application as the trial court in this case had dismissed plaintiff's claim against Pine County for failure to give statutory notice of claim before *Glassman* was decided. We hold *Glassman* applies retroactively. As a general rule, a decision is to be given retroactive effect absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only. *Streich v. American Family Mutual Insurance Co.*, 358 N.W.2d 396, 398 (Minn.1984). In *Glassman*, as in *McGuire v. C & L Restaurant, Inc.*, 346 N.W.2d 605, 614 (Minn. 1984), we were precluded by the constitutional basis of our decision from holding the ruling should be applied only prospectively. "[I]f the court finds a statute unconstitutional, the statute is not a law; it is just as inoperative as had it never been enacted." 346 N.W.2d at 614. Failure to give notice in this case is a non-jurisdictional defect that can bear upon liability or damages only if the municipality can show it was prejudiced by the lack of notice. While the record before this court does not include any showing that Pine County was prejudiced in any way by O'Brien's failure to give notice or even that the county asserts any claim of prejudice, the county had no motive, at the time it moved the trial court for dismissal, to make such a showing. Unless or until it is determined that the lack of notice prejudiced the county with respect to liability or the extent of the damages, the plaintiff is not aggrieved by the notice requirement. Therefore, we do not reach the question of whether the notice of claim requirement impermissibly denied plaintiff equal protection of the laws under the federal or state constitutions.

We reverse the order of the trial court dismissing plaintiff's complaint against Pine County and remand for trial against all defendants.

Reversed and remanded.

SCOTT, J., concurs specially.

SCOTT, Justice (concurring specially).

I concur specially for the same reasons as stated in my special concurrence in

*Glassman v. Miller*, 356 N.W.2d 655, 657 (Minn.1984).