## FLORENCE McCARTY v. VILLAGE OF NASHWAUK.

164 N. W. (2d) 380.

January 17, 1969—No. 41003.

*O'Leary, Trenti, Berger & Carey, Thomas H. Carey, Helgesen, Peterson, Engberg & Spector,* and *Avron L. Gordon,* for appellant.

*Marshall B. Thornton* and *John P. Weber,* for respondent.

Heard before Knutson, C. J., and Nelson, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

---

Sheran, Justice.

Appeal from an order of the district court granting a new trial exclusively for errors of law. The order is appealable as of right. Rule 103.03 (e), Rules of Civil Appellate Procedure.

In an action instituted by Florence McCarty against the village of Nashwauk, a municipal corporation, for personal injuries sustained as the result of a fall on a public sidewalk, the jury returned a verdict for plaintiff in the amount of $13,500. A motion for a new trial was made upon the ground, among others, that the trial judge erred in sustaining objections to testimony by defendant's witnesses which, if received, would have supported a jury finding that prior to the accident giving rise to the litigation, defendant had no actual or constructive knowledge of any other fall at the accident site. The trial judge granted the motion, stating in his memorandum that the order granting the new trial was predicated solely on errors of the court as to matters of law.

■ We agree with the trial judge that the following statement of this court appearing in Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 497, 31 N. W. (2d) 332, 333, is applicable to the present situation:

"Evidence of the absence of prior accidents resulting from the same physical defect or inanimate cause, under substantially similar circumstances, is admissible to prove that such defect or cause was not dangerous or likely to cause such accidents, and further to prove that the person responsible for the defective condition was not reasonably chargeable with knowledge of its dangerous character."

The rule assumes, of course, that the witness testifying as to the absence of prior accidents was in such a position by reason of ownership, control, or *special familiarity* that he would probably be aware if other persons had been injured by the inanimate object in question.[1] But if there was an inadequate foundation for the testimony of the witness called on this issue by defendant, it was due, we believe, to the fact that the trial court accepted plaintiff's insistence that the testimony would be inadmissible regardless of the foundation established. We do not agree

---

[1] See, Doyle v. St. P. M. & M. Ry. Co. 42 Minn. 79, 43 N. W. 787.

with plaintiff's contention in this court that it would be impossible to establish such a foundation for the testimony which was excluded by the rulings of the trial court.[2] While it is conceivable that persistent inquiry concerning prior accidents made by defendant's attorney of the various witnesses called by him was sufficient to convey the desired impression notwithstanding the rulings of the trial court excluding the testimony, we cannot agree with plaintiff's contention that this repeated but unsuccessful questioning made the error nonprejudicial as a matter of law.

■ The village contends [3] that plaintiff is precluded from recovering in the present action, regardless of the accident history of the place where she fell, because at the time she was hurt she was in the course of her employment as a public school teacher for the school district of which the village of Nashwauk is geographically a part. It invokes Minn. St. 466.03, subd. 2, which excludes from the liability orbit of municipal corporations claims for injury to or death of any person covered by the Workmen's Compensation Act. In our opinion, this contention was not properly presented to the district court at the time of the first trial and determination of the question on this appeal would be premature.

Affirmed.

---

[2] See, Howe v. Jameson, 91 N. H. 55, 13 A. (2d) 471; Annotation, 31 A. L. R. (2d) 190, 196.

[3] Rule 106, Rules of Civil Appellate Procedure.