# FLORENCE McCARTY v. VILLAGE OF NASHWAUK.

175 N. W. (2d) 144.

February 27, 1970—No. 41974.

*O'Leary, Trenti, Berger & Carey, Thomas H. Carey, Helgesen, Peterson, Engberg & Spector,* and *Avron L. Gordon,* for appellant.

*John P. Weber* and *Helen Hill Blanz,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

ROGOSHESKE, JUSTICE.

The question presented is whether a municipality, under Minn. St. 466.03, subds. 1 and 2, of the statutes governing tort liability of political subdivisions, is immune from liability for any and all claims for personal-injury damages resulting from its torts where (1) the injury-producing activities giving rise to such claims are covered by the Workmen's Compensation Act, and (2) the municipality has not waived its immunity by insuring against liability for its torts under § 466.06.

The facts are undisputed. On October 15, 1965, plaintiff, a

schoolteacher employed by Independent School District No. 319, was injured when she fell on a sidewalk while escorting a class of students from the school to a recreation area. Since her injury was work-related, the school district's compensation carrier, Maryland Casualty Company, began payment of benefits to plaintiff, and shortly after the accident, on November 11 and 12, notified the village of its subrogation claim for payments made and to be made under the Workmen's Compensation Act. On October 6, 1966, plaintiff instituted this third-party action against the village, claiming that her injuries were caused solely by the negligence of the village in the maintenance of the sidewalk. The village had not procured insurance against liability for its torts as authorized by § 466.06. For reasons which we cannot ascertain from the record, the village neither specifically pleaded nor seriously urged before trial its claim of immunity from liability based upon workmen's compensation benefits being paid to plaintiff.[1] Upon trial of the action in May 1967, plaintiff was awarded damages of $13,500.[2] Thereafter, upon the village's post-trial motion, the trial court granted a new trial upon the sole ground of acknowledged error in excluding evidence of the absence of prior accidents resulting from the alleged defect in the sidewalk. Upon plaintiff's appeal to this court, we affirmed, declining to consider the village's assertion of governmental immunity because of its failure to properly present the issue for decision by the trial court and its failure to file a cross appeal as required by Rule 106, Rules of Civil Appellate Procedure. McCarty v. Village of Nashwauk, 282 Minn. 262, 164 N. W. (2d) 380. Upon remand, the village's claim of statutory

---

[1] At the time of the trial, the compensation carrier had paid to plaintiff a total of $7,902.35 in disability and medical benefits.

[2] From this award, the compensation carrier of the school district would be entitled to reimbursement for benefits paid to plaintiff, less a pro rata share of the expenses of effecting recovery. Minn. St. 176.061; Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412.

immunity was properly presented to the trial court by a motion for summary judgment. The court, upon findings, ordered judgment for the village, and plaintiff appeals. We affirm the decision of the trial court.

Following our decision in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795, the 1963 Legislature enacted Minn. St. c. 466, a recodification of the laws relating to governmental immunity of political subdivisions. Section 466.02 comprehensively abolishes common-law tort immunity of municipalities as follows:

"Subject to the limitations of Laws 1963, Chapter 798, every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function."

However, excepted from this abrogation are certain claims enumerated in § 466.03,[3] one of which is "[a]ny claim for injury to

---

[3] "Subdivision 1. Section 466.02 does not apply to any claim enumerated in this section. As to any such claim every municipality shall be liable only in accordance with the applicable statute and where there is no such statute, every municipality shall be immune from liability.

"Subd. 2. Any claim for injury to or death of any person covered by the workmen's compensation act.

"Subd. 3. Any claim in connection with the assessment and collection of taxes.

"Subd. 4. Any claim based on snow or ice conditions on any highway or other public place, except when the condition is affirmatively caused by the negligent acts of the municipality.

"Subd. 5. Any claim based upon an act or omission of an officer or employee, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution, or regulation.

"Subd. 6. Any claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

"Subd. 7. Any claim against a municipality as to which the municipality is immune from liability by the provisions of any other statute."

or death of any person covered by the workmen's compensation act." § 466.03, subd. 2.

Plaintiff's sole contention before the trial court and here is that this exception from liability was intended to apply only to persons who sustain a work-connected injury while employed by the municipality against whom the action is brought.

As we interpret it, plaintiff argues that the exception does not apply to plaintiff, who was not employed by the village; that in expanding governmental liability for torts, the legislature could not have intended to create a new and restricted immunity for a claim historically recognized as valid solely because the injured party happened to be performing duties for a third-party employer at the time of his injury; and that since under the Workmen's Compensation Act an employee injured as a result of an employer tort may not sue his employer, the logical and proper interpretation of the scope of § 466.03, subds. 1 and 2, when read in conjunction with § 466.02, is to subject a municipality to no greater or lesser liability than any other employer under like circumstances.

The village insists that the exception is applicable to plaintiff's claim; that the language is plain and its meaning involves no absurdity or contradiction; that the legislature, exercising its plenary power to withhold, grant, or limit the tort liability of municipalities, as acknowledged in Spanel v. Mounds View School Dist. No. 621, *supra*, intended to retain immunity "from *any* claim by or on behalf of *any* employee of third parties against such municipality where the employee at the time of the accident resulting in death or injury was covered by Workmen's Compensation."

We have been unable to find any similar exception in the statutes of other states where there has been a legislative abrogation of governmental tort immunity. It may be further noted that the problem of defining the limits of immunity is a difficult one. The argument that in abrogating immunity the legislature intended that governmental units should be liable in the same manner as

a private individual under like circumstances ignores the reality that there are many governmental activities which have no private counterpart, as recognized by the exceptions enumerated in § 466.03.[4]

To accept the interpretation plaintiff would have us adopt would render the exception redundant. Any person who sustains a work-related injury while employed by a municipality is precluded by § 176.031 of the Workmen's Compensation Act from bringing a tort action for damages against his employing municipality. While a municipal employee injured under circumstances which create a liability in a third party other than his employer may elect to sue the third party, the liability of his employer, including a municipality, is made exclusive under the compensation act. If the exception were intended to apply only to employees of the defendant municipality, surely the significance of substituting words such as "any municipal employee" for "any person" would not have been overlooked by the legislature. The weakness of plaintiff's argument is that essentially it is directed at the wisdom of the limitation embodied in language which, it must be acknowledged, is clear and free from ambiguity. Under settled rules governing the interpretation and construction of statutes to ascertain legislative intent, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. St. 645.16.

However we may view the desirability of or justification for this apparently unique exception to municipal liability or may speculate as to the reasons motivating its adoption,[5] where the

---

[4] Note, 48 Minn. L. Rev. 119, 198.

[5] One might speculate that the legislature concluded that permitting suits by one whose injury is covered by the Workmen's Compensation Act would not in the ordinary case substantially benefit the injured party because, arguably, the compensation benefits usually would be substantially equal to any possible recovery against the municipality, and any recovery would inure primarily to the employer's compensation carrier under its statutory right of subrogation. The fact that a

statute is unambiguous and its provisions are couched in plain and simple language, a court is bound to give effect to the statute as written. As we have often said in varying ways:

"* * * Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the laws should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy." Norris Grain Co. v. Seafarers' International Union, 232 Minn. 91, 109, 46 N. W. (2d) 94, 105.

Accordingly, we are compelled to hold that under the facts the village is immune from liability both for damages to plaintiff and for reimbursement paid or to be paid by the compensation carrier of plaintiff's employer.

Affirmed.

---

municipality is permitted to waive this exception from tort liability by procuring insurance also may have influenced its enactment.