In the Matter of the DOWNTOWN DE-VELOPMENT PROJECT, MARSHALL CITY COUNCIL RESOLUTION NO. 57 Levied Against Real Estate Owned by Rose Thorburn, Appellant,

v.

CITY OF MARSHALL, Respondent.

No. 49405.

Supreme Court of Minnesota.

June 8, 1979.

James R. Anderson, Marshall, for appellant.

Joseph V. Bot, Marshall, for respondent.

Heard before TODD, SCOTT, and MAXWELL, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This appeal is taken from an order of the Lyon County District Court which dismissed an appeal of a special assessment on the ground that appellant's failure to object to the assessment, prior to its adoption, constituted a waiver of her right to later seek review of the matter. We reverse and remand for further proceedings.

The case is before the court on a stipulated set of facts. A public hearing was held by the City Council of Marshall, Minnesota, on April 5, 1976, to discuss a proposed downtown improvement plan. Due notice of the hearing, as required by Minn. St. 429.031, was given to all concerned parties, including appellant. At this preliminary hearing, the city engineer informed the city council and all interested parties of various matters, including the general nature of the improvement; that the estimated cost of the project was approximately $116 per front foot; and the area proposed to be assessed. Appellant entered no objection to the project or the estimated cost at this hearing. A resolution was then passed authorizing the improvement.

On February 22, 1977, after completion of the project, a proposed assessment hearing was held with proper notice given in accordance with Minn. St. 429.061. Appellant raised no objection at this proceeding. Subsequently, a final assessment in the amount of $131.59 per front foot was levied against the affected property, which included real estate owned by appellant. The amount assessed against appellant's property is $5,790.06. Appellant appealed this assessment pursuant to Minn. St. 1976, § 429.081, within the 20 [1] days allowed by that statute. The district court dismissed the case on the ground that appellant, by not entering an objection prior to the adoption of the assessment, had waived her right to appeal.

Thus, we are presented with the following issue:

---

1. Minn. St. 429.081 has since been amended to allow 30 days to appeal from the adoption of a special assessment. L. 1978, c. 749, § 2.

Did appellant waive her right to appeal the adoption of a special assessment because she did not object at either the public hearing held prior to the ordering of the improvement or at the proposed assessment hearing?

■ The trial court in reaching its decision presented a very logical analysis as to why, in the interest of public policy, an objection should be entered prior to the adoption of the assessment in order for the matter to be properly reviewable by the district court. However, no matter how persuasive this reasoning may be, it is not consistent with pertinent legislation. Minn. St. 1976, § 429.081, read, in relevant part, as follows:

"Within 20 days after the adoption of the assessment, *any person aggrieved may appeal* to the district court by serving a notice upon the mayor or clerk of the municipality. * * *" (Emphasis supplied.)

Thus, the legislature provided that the "aggrieved" party (a person who has an assessment levied against his property) may appeal the adoption of a special assessment to the district court. The terms of the statute do not limit this right of appeal to "aggrieved" persons who have interposed objections at hearings held preliminary to the actual levying of the assessment. Nor does the legislation relating to these initial proceedings, see Minn. St. 429.031 and 429.061, impose such a requirement.

It is apparent, then, that § 429.081 very clearly and unambiguously allows "any person aggrieved" to appeal the adoption of a special assessment, without qualification.[2] Accordingly, our consideration of the instant issue is governed by the canon of construction that "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. St. 645.16; see also, *McCarty v. Village of Nashwauk*, 286 Minn. 240, 175 N.W.2d 144 (1970). As this court stated in *McCarty, supra* :

" * * * where the statute is unambiguous and its provisions are couched in plain and simple language, a court is bound to give effect to the statute as written. As we have often said in varying ways:

" ' * * * Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the laws should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy.' *Norris Grain Co. v. Seafarers' International Union*, 232 Minn. 91, 109, 46 N.W.2d 94, 105." 286 Minn. 244, 175 N.W.2d 147.

■ We, therefore, hold that appellant did not waive her right to appeal by failing to enter an objection at hearings held preliminary to the adoption of the assessment.[3] It must be emphasized, though, that the question under consideration here is a legislative one. Accordingly, we urge the legislature to review the issue and determine whether the existing statutory framework should be amended to require that an objection be entered at a preliminary hearing as a condition precedent to appealing the adoption of a special assessment to the district court.

Reversed and remanded for further proceedings.

OTIS, J., took no part in the consideration or decision of this case.

---

2. We are unpersuaded by respondent's claim that the portion of § 429.081 which states, "The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings * * *," limits the appellate right of an "aggrieved" person to situations where he has entered an objection at a preliminary hearing. Contrary to respondent's contention, this statutory language imposes no specific requirement to that effect.

3. To the extent that our prior cases, including *Nyquist v. Town Center, Crow Wing County*, 312 Minn. 266, 251 N.W.2d 695 (1977), and *State v. Johnson*, 111 Minn. 255, 126 N.W. 1074 (1910), are inconsistent with the decision reached herein, they are hereby overruled.