**Diane Kay BERNTHAL, Appellant,**

v.

**CITY OF ST. PAUL, et al., State of Minnesota, Respondents.**

**No. C1–84–1540.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

---

James P. Cullen, Minneapolis, for appellant.

Karla Bathke, Asst. City Atty., St. Paul, for City of St. Paul, et al.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Harold W. Schultz, II, St. Paul, for State.

Heard, considered, and decided by POPO-VICH, C.J., and WOZNIAK and HUSPE-NI, JJ.

## MEMORANDUM OPINION AND ORDER

HUSPENI, Judge.

### Nature of the Action

This is an appeal from a summary judgment granted to the City of St. Paul on appellant's claim alleging the city's negligence. The city maintains it is immune under Minn.Stat. § 466.03, subd. 2 (1982), from all suits by injured people covered by the Workers' Compensation Act. Appellant Bernthal asserts that this statute granting immunity violates the rights of equal protection granted under the Fourteenth Amendment to the United States Constitution and article 1, section 2 of the Minnesota Constitution. Believing Minn. Stat. § 466.03, subd. 2 to be violative of equal protection guarantees under the Minnesota and United States Constitutions, we certify the matter to the Minnesota Supreme Court.

## STATEMENT OF THE FACTS

Appellant Diane Bernthal was injured on October 22, 1978. While driving on West Seventh Street, she collided with a bent metal sign post located on the median. Bernthal was hospitalized, and retains extensive scarring which she hopes to have removed through plastic surgery.

Bernthal was privately employed, and was acting in the scope of her employment at the time of the accident. Her employer instructed its insurance carrier to pay Bernthal workers' compensation benefits. She received payments for medical expenses and temporary total and permanent partial disabilities. Workers' compensation medical benefits are not expected to be paid in connection with Bernthal's anticipated plastic surgery.

Bernthal sued the City of St. Paul, County of Ramsey, and State of Minnesota, alleging negligence in the design and maintenance of the street. The trial court granted the city's motion for summary judgment based on Minn.Stat. § 466.03, subd. 2, dismissing the city as a primary defendant. Subdivision two of this statute creates an exception to the statutory abolishment of municipal immunity, and exempts cases where the injured party is covered by the Workers' Compensation Act. The trial court found that this distinction is justified by the statute's legitimate purpose of preserving the financial stability and integrity of municipalities.

On appeal, Bernthal argues the statute impermissibly distinguishes between victims of municipal torts who are eligible for workers' compensation and those who are not eligible, and between state and municipal tortfeasors.

## ISSUE

Whether Minn.Stat. § 466.03, subd. 2 (1982) violates the equal protection clause of the Fourteenth Amendment to the United States Constitution or article 1, section 2 of the Minnesota Constitution, by distinguishing between tort claims against the state and tort claims against municipalities, and by distinguishing between victims of municipal torts who are eligible for workers' compensation and those who are not?

## ANALYSIS

Minn.Stat. § 466.02 (1982) abolishes sovereign immunity for municipalities for their torts. Minn.Stat. § 466.03 (1982) lists exceptions wherein municipalities retain im-

munity. One exception is "[a]ny claim for injury to or death of any person covered by the workers' compensation act." Minn. Stat. § 466.03, subd. 2 (1982). The state is not entitled to this exception. Minn.Stat. § 3.736, subd. 3 (1982).

■ Laws must treat similarly situated people similarly unless a rational basis exists for distinguishing among them. *Glassman v. Miller*, 356 N.W.2d 655, 656 (Minn. 1984) (citing *Schwartz v. Talmo*, 295 Minn. 356, 205 N.W.2d 318 (1973)).

The *Glassman* decision climaxes a series of cases involving the notice provisions to the municipal tort liability statute. In *Kossak v. Stalling*, 277 N.W.2d 30 (Minn.1979), the one-year commencement of suit provision was held to be a denial of equal protection, where actual notice was given. The *Kossak* court based its decision on the distinction between municipal and private tortfeasors. *See O'Brien v. Mercy Hospital and Convalescent Nursing Care Section*, 356 N.W.2d 367 (Minn.Ct.App.1984), pet. for accel. rev. accepted (Minn. Nov. 1, 1984). In *McCarty v. Village of Nashwauk*, 286 Minn. 240, 175 N.W.2d 144 (1970), although the constitutionality of Minn.Stat. § 466.03, subd. 1 and 2, was not attacked, the Minnesota Supreme Court indicated doubts as to the wisdom of the immunity exception set forth in that statute. In *Nelson v. State, Department of Natural Resources*, 305 N.W.2d 317 (Minn. 1981), a statute requiring notice of settlement to the state but not to other interested employers was declared unconstitutional because of denial of equal protection.

In *Glassman*, the court concluded that section 466.05, requiring notice be given the county before an action is commenced, violated the equal protection requirements of both the state and federal constitutions because:

> We can discern no rational basis for distinguishing between municipal and state tortfeasors.

*Glassman*, 356 N.W.2d at 656.

If there is no rational reason to support separate classes of governmental tortfeasors with different jurisdictional obsta-

cles for similar claims, certainly there is no rational basis to bar these similar claims against one class of governmental tortfeasor altogether.

We further question the legitimacy of the distinction between victims of municipal torts who happen to be covered by workers' compensation and those who are not so covered. The legislative history is of little assistance, suggesting no reasons or justification for the differing treatment among victims, nor among governmental bodies. Respondent city argues the purpose is to protect the financial integrity of municipalities when victims have already been compensated. However, certainly a large number of people today are covered by private insurance obtained individually or through their employment. Victims of accidents similar to appellant's will presumably be entitled to no-fault benefits. We can discern no rational basis for distinguishing among victims on the basis of the type of compensation they may receive.

## DECISION

■ This court believes Minn.Stat. § 466.03, subd. 2, violates the equal protection guarantees of the state and federal constitutions. We believe this constitutional issue is so important that we request the supreme judicial body of this state to consider this case. Accordingly, we certify this appeal to the Minnesota Supreme Court pursuant to Minn.Stat. § 480A.10 (1984) and Minn.R.Civ.App.P. 118. *See O'Brien v. Mercy Hospital and Convalescent Nursing Care Section*, 356 N.W.2d 367 (Minn.Ct.App.1984), pet. for accel. rev. accepted (Minn. Nov. 1, 1984).

## CERTIFICATION AND REQUEST

WHEREAS, the above-entitled appeal is now pending in this court; and

WHEREAS, this court has determined that certification of the matter to the Supreme Court for accelerated review pursuant to Minn.R.Civ.App.P. 118, subd. 3, and Minn.Stat. § 480A.10, subd. 2(b) (Supp.

1983) would be appropriate for the following reasons:

(1) The question is an important one upon which the Supreme Court has not but should rule,

(2) For the reasons and analysis as contained in the attached Memorandum Opinion and Order,

IT IS HEREBY REQUESTED that the Supreme Court approve the certification of this matter. Counsel for any party may file a response to this request with the Supreme Court Commissioner, 322 State Capitol, St. Paul, MN 55155 within ten days after the filing of this document and the attached Memorandum Opinion.

Dated: January 15, 1985

BY THE COURT

/s/   Peter S. Popovich
Chief Judge

(The original should be sent directly to the Commissioner and copies to all parties of record. Filing will thereafter be accomplished by the Supreme Court.)