**John Michael O'BRIEN, Trustee for the next-of-kin of Sandra O'Brien, decedent, et al., Appellants,**

v.

**ESTATE OF Richard MOE, et al., American Motor Sales Corporation, Appellants,**

**City of St. Paul, Respondent,**

**Delta-Queen Steamboat Company, a.k.a. The Mississippi Queen Steamboat, Appellant.**

**No. C1-84-2008.**

Court of Appeals of Minnesota.

June 25, 1985.

Review Granted Oct. 3, 1985.

Fredric A. Bremseth, Thomas F. Snyker, Stone, Ribble, Bremseth, Meyer & Wood, P.A., Minneapolis, for John Michael O'Brien.

Richard J. Chadwick, George Charles Hottinger, Chadwick, Johnson & Condon, Minneapolis, for Estate of Richard Moe.

Mark S. Olson, Jeanne M. Gode, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Gregory Reynolds, Tyler, Reynolds, Kenney & Thayer, Detroit, Mich., for American Motor Sales Corp.

Karla F. Hancock, St. Paul, for City of St. Paul.

John H. McGuigan, Jr., Patrick J. McGuigan, McGuigan & McGuigan, St. Paul, for Delta Queen Steamboat Co.

Heard, considered, and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## SUMMARY OPINION

WOZNIAK, Presiding Judge.

This is an appeal from a summary judgment granted to the City of St. Paul on appellant O'Brien's claim alleging the city's negligence. The city maintains that it is immune under Minn.Stat. § 466.03, subd. 2 (1984), from all suits brought by injured people covered by the Workers' Compensation Act. Appellant O'Brien argues that this statute granting immunity violates the rights of equal protection guaranteed under the Fourteenth Amendment to the United States Constitution and article 1, section 2 of the Minnesota Constitution. Believing Minn.Stat. § 466.03, subd. 2 to be violative of equal protection guarantees under the Minnesota and United States Constitutions, we reverse.

## STATEMENT OF THE FACTS

Sandra O'Brien was fatally injured in a fire caused by the collision of two cars on July 30, 1982.

O'Brien had planned to attend a travel luncheon aboard the Mississippi Queen Riverboat. The boat was docked at Lambert's Landing on Shepard Road in St. Paul. After parking her car adjacent to the landing in an eastbound direction near the intersection of Shepard Road and Jackson Street, O'Brien got out of her car and stood between it and an American Motors Jeep Wagoneer.

At approximately 12:15 p.m., Richard Moe, driving a rental car owned by National Car Rental System, Inc., drove through barricades and warning signs on eastbound Shepard Road and collided with the jeep, causing it to burst into flames. The City of St. Paul had installed barricades and warning signs in the right-hand lane of eastbound Shepard Road, closing that lane to traffic, in preparation of the loading of the riverboat.

O'Brien was employed by the Minnesota State Automobile Association and was in the course and scope of her employment at the time of the accident. As of February 8, 1984, O'Brien's employer's workers' compensation insurance carrier had paid out over $60,000 in benefits.

John Michael O'Brien, the deceased's husband, commenced an action against the Estate of Richard Moe, National Car Rental System, Inc., American Motors Sales, the Mississippi Queen Steamboat, and the City of St. Paul. O'Brien claimed that the City

of St. Paul negligently placed the barricades and warning signs along the road, and that the city was negligent in closing off a lane of traffic. The Estate of Moe, National Car Rental, and the Steamboat Company filed cross-claims against the city claiming a right of indemnity or contribution. The city moved for summary judgment, which was subsequently granted on the basis of Minn.Stat. § 466.03, subd. 2 (1984).

## ISSUE

Does Minn.Stat. § 466.03, subd. 2 (1984) violate the equal protection clause of the Fourteenth Amendment to the United States Constitution or article 1, section 2 of the Minnesota Constitution, by creating an unreasonable distinction between municipal and other governmental tortfeasors, and between victims of municipal torts who are eligible for workers' compensation and those who are not?

## DECISION

The doctrine of sovereign immunity is nearly extinct in Minnesota. As applied to municipalities, however, exceptions remain where immunity is applicable. Minn.Stat. § 466.03, subd. 2 (1984) provides that every municipality shall be immune from liability regarding "[a]ny claim for injury to or death of any person covered by the workers' compensation act." The state is not entitled to this exception. Minn.Stat. § 3.736, subd. 3 (1984). The question before us is whether Minn.Stat. § 466.03, subd. 2 is constitutionally sound.

We considered this issue for the first time in *Bernthal v. City of St. Paul*, 361 N.W.2d 146 (Minn.Ct.App.1985). There, we decided that Minn.Stat. § 466.03, subd. 2 violates the equal protection guarantees of the United States and the Minnesota Constitutions; and, believing the question to be one of great importance, we requested the supreme court to consider the case. *Bernthal* was certified to the Minnesota Supreme Court pursuant to Minn.Stat. § 480A.10 (1984) and Minn.R.Civ.App.P. 118.

This court is still of the opinion that Minn.Stat. § 466.03, subd. 2 violates the equal protection guarantees. However, we await the supreme court's decision in *Bernthal* and acknowledge that it will be dispositive of the issue now before us.

Reversed.