Joseph RUZIC, Respondent,

v.

CITY OF EDEN PRAIRIE, Appellant.

No. C6–91–1259.

Court of Appeals of Minnesota.

Dec. 31, 1991.

John D. Rice, John D. Rice Law Firm, Minneapolis, for respondent.

Barbara M. Ross, Roger A. Pauly, Lang, Pauly & Gregerson, Ltd., Minneapolis, for appellant.

Carla Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by NORTON, P.J., and AMUNDSON and LOMMEN, JJ.

## OPINION

A. PAUL LOMMEN, Judge.[*]

Respondent appealed assessment for improvements made by appellant City of Eden Prairie in district court. The trial court denied the city's motion for summary judgment based on respondent's waiver of the right to appeal. The trial court concluded the statutory right to appeal could not be waived and appellant failed to follow proper procedure by not assessing all benefitted properties. Therefore, the trial court granted summary judgment for respondent, ordering reassessment of all benefitted properties.

The trial court granted summary judgment for appellant on other issues raised by respondent, ruling competitive bidding is not required for engineering supervision services and a volume increase in the number of parts which does not result in a 25% increase in the entire contract cost does not require rebidding. Respondent appealed these issues; appellant challenged the reassessment.

## FACTS

Respondent entered into developer's agreements with appellant for undeveloped land and submitted a 100% petition for sanitary sewer and water main improvements. In the agreements and the petition, respondent waived rights to a public hearing and appeal, and agreed to pay the total cost of the improvements. Respondent also presented an agreement he had with John Luknic, an owner of adjacent property, that respondent would petition for improvements at respondent's expense and Luknic would pay for similar improvements for his property.

Relying on these documents, the city council adopted the petition, and the city constructed the improvements. After the improvements were made and appellant assessed respondent for the entire cost of the improvements, respondent appealed the assessment to district court.

## ISSUES

1. Did the trial court err by granting summary judgment for respondent and concluding that the statutory right to appeal assessment under Minn.Stat. § 429.-081 (1988) could not be waived?

2. Did the trial court err by granting summary judgment for appellant and ruling that engineering supervision contracts with municipalities need not be competitively bid?

3. Did the trial court err by granting summary judgment for appellant and ruling that a volume increase in a number of parts need not be rebid where the entire contract cost increase was not over 25%?

---

[*] Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

### 1. *Waiver of Assessment Appeal*

Minn.Stat. § 429.081 (1988) states the method for appealing special assessments:

Within 30 days after the adoption of the assessment, any person aggrieved, who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court by serving a notice upon the mayor or clerk of the municipality.

The trial court found respondent had met all statutory requirements. However, respondent had waived these rights through the developer's agreements and the petition. The 100% petition for improvements submitted by respondent provided in part:

Pursuant to M.S.A. 429.031, Subd. 3, the undersigned hereby waive any public hearing to be held on said improvements, and further state and agree that the total cost of said improvements shall be specially assessed against the property described below in accordance with the City's special assessment policies.

The developer's agreements provided in part:

* * * Developer may submit a 100% petition signed by all owners of the property, requesting the City to install the improvements. If Developer chooses to execute the 100% petition, Developer waives all rights they have by virtue of Minnesota State Statutes Sec. 429.081 or otherwise to challenge the amount or validity of amounts, or the procedure used by the City in levying the assessments and hereby releases the City, its officers, agents, and employees from any and all liability related to or arising out of the levying of the assessments.

The trial court decided the right to appeal could not be waived by agreement. The court found allowing waiver of the right to appeal would violate public policy. Respondent had two choices in providing for development improvements, to build and dedicate them to the city, or to petition the city to construct the improvements and be assessed. A city may require dedication of such improvements by statute. Minn.

Stat. § 462.358, subd. 2b (1988); *Collis v. City of Bloomington,* 310 Minn. 5, 17, 246 N.W.2d 19, 26 (1976). Respondent decided to petition the city to construct the improvements. Under either method, respondent would have paid the full cost of the improvements. The 100% petition method serves the public interest by avoiding assessment procedures which are waived by the developer's agreements.

Waivers are generally favored in the law. In *State v. Independent Sch. Dist. No. 810,* 260 Minn. 237, 246, 109 N.W.2d 596, 602 (1961), the Minnesota Supreme Court stated:

A "waiver" is a voluntary relinquishment of a known right. No consideration is required to support it, and when once established it is irrevocable even in the absence of consideration therefor. Waivers, where they operate to dispense with merely formal requirements in judicial procedure, should be favored, and except as limited by public policy a person may waive any legal right, constitutional or statutory.

■ Also, Minnesota case law supports waiver of other assessment procedures such as the right to notice and a public hearing. *In re Special Assessment by City of Moorhead,* 239 Minn. 351, 356, 58 N.W.2d 746, 749 (1953); *see also Klapmeier v. Town of Center,* 346 N.W.2d 133, 137 (Minn.1984); *Independent Sch. Dist. No. 254 v. City of Kenyon,* 411 N.W.2d 545, 550 (Minn.App.1987). The trial court distinguished these cases as only dealing with notice, not the right to appeal. The trial court relied on *Downtown Development Project v. City of Marshall,* 281 N.W.2d 161 (Minn.1979). In that case, the court refused to imply waiver of the right to appeal where the aggrieved person did not object to the assessments prior to the improvements. *Id.* at 163 (prior version of statute did not require the aggrieved person to preserve their appeal by prior objection; the statute was subsequently amended). However, appellant here is not asking the court to find an implied waiver. Respondent expressly waived his rights under Minn.Stat. § 429.081 in the developer's

agreements when he submitted the 100% petition.

■ The trial court also found waiver of the right to appeal would impermissibly wrest jurisdiction from the court. Waiver of jurisdiction and statutory rights has been allowed in other situations. *See Minnesota Vikings Football Club v. Metropolitan Council*, 289 N.W.2d 426, 431 (Minn.1979) (parties may stipulate to limit their rights to appeal). Waiver by stipulation of a district court's jurisdiction to modify maintenance awards is valid. *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989). Waiver of constitutional rights is allowed. *See, e.g., Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (criminal defendant's constitutional right to counsel may be waived). In addition, waiver of appeal rights does not take away the court's jurisdiction to consider the validity of the waiver. We reverse the trial court's decision that as a matter of law, the right to appeal an assessment under Minn.Stat. § 429.031 cannot be waived.

■ However, we remand for a determination of the validity of the waiver used by appellant in this case. On review of a summary judgment ruling, an appellate court must determine whether any genuine issues of material fact exist and whether the trial court erred in applying the relevant law to the facts. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Respondent claims he did not understand he was waiving the right to appeal and the agreements were on preprinted forms which he could not change. The trial court originally denied appellant's motion of summary judgment because there were issues of material fact in determining whether the waiver was valid considering the bargaining power of the parties for essential services, opportunity for negotiation, and public policy. Appellant did not appeal this ruling. Since these issues were not decided below, they may not be raised for the first time on appeal. *Lienhard v. State*, 431 N.W.2d 861, 866 (Minn.1988); *Ukkonen v. City of Minneapolis*, 280 Minn. 494, 501, 160 N.W.2d 249,

253 (1968). Therefore, we remand for trial on these issues.

■ In cases involving summary judgment, we must view the evidence in the light most favorable to appellant. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954). In viewing the evidence in such a light, there are issues of fact as to whether any other property should be assessed if the waiver is found to be invalid. Appellant did not use the normal assessment process of determining the proportionate benefit to each property, since there was an agreement with respondent that he would pay for the entire improvement. If other properties are found to be benefitted, the owners may be able to challenge the reassessment, since they were not given notice of the improvements as required by statute. Minn.Stat. § 429.031 (1988). According to appellant, the only other property which benefitted was the Luknic property. This property was the subject of an agreement between Luknic and respondent, in which respondent agreed to pay for the improvements. There is no evidence in the record that the agreement with Luknic was not valid. Whether other properties may be assessed must be considered upon remand.

### 2. Engineering Supervision

■ Respondent contends Minn.Stat. § 429.041 (1988) requires the services of an engineering supervisor to be competitively bid. Professional services such as architectural and supervisory services need not be competitively bid and assigned to the lowest bidder. *Krohnberg v. Pass*, 187 Minn. 73, 76, 244 N.W. 329, 330 (1932). Because there is unique skill involved in these services, it is not necessarily in the public's best interest to use the lowest bidder. *See id.* The statute requiring use of a low bid was not intended to apply to a contract for supervision of construction. *Id.*

Respondent attempts to distinguish *Krohnberg*, involving a school which did not have an engineer on staff, from this situation where appellant had an engineer on staff. However, under Minn.Stat. § 429.041, subd. 2 (1988), the city engineer

or other qualified person may supervise the work. We affirm the trial court's decision to grant summary judgment for appellant that engineering supervisory contracts need not be competitively bid.

### 3. *Volume Increase*

█ Respondent claims the contract for insulation boards used in the project should have been rebid pursuant to Minn.Stat. § 429.041, subd. 7 (1988). The cost of the insulation boards increased from a projected cost of $4,180 to $15,390, a percentage increase of approximately 275%, because the number of units needed was underestimated by almost 6,000.

Minn.Stat. § 429.041, subd. 7 provides:

After work has been commenced on an improvement undertaken pursuant to a contract awarded on a unit price basis the council may, without advertising for bids, authorize changes in the contract so as to include additional units of work at the same unit price if the cost of the additional work does not exceed 25 percent of the original contract price. Original contract price means that figure determined by multiplying the estimated number of units required by the unit price.

The trial court found this statute was not violated since the unit price of the insulation boards did not fluctuate, only the amount required changed. The number installed was 8,100, not the projected 2,200, but the unit price remained $1.90.

[W]here a unit price contract is advertised and bid for, and subsequent additions are made in volume only, it cannot be unjust to merely amend the contract. The variable in the contract is the total estimated number of units and the constant is the unit price. Therefore, no harm results from amending a factor which is necessarily subject to change under many different circumstances. The harm we should seek to protect against is an unreasonable unit price, and that factor is not a proper subject of the contract modification.

*Village of Excelsior v. F.W. Pearce Corp.,* 303 Minn. 118, 124, 226 N.W.2d 316, 320 (1975).

In the *Pearce* case, the modification did not exceed 25% of the original contract price. *Id.* at 123, 226 N.W.2d at 319. In this case, the modification exceeded 25%, if only looking at the insulation board portion of the bid alone. The original price for the boards alone was $4,180. The cost of the modification was an additional $11,210 for a total of $15,390.

However, looking at the entire contract, the base bid was $151,196.35 and the actual cost was $148,571.75. The increase in the cost of the insulation boards, due to underestimating the number needed, did not result in an overall increase in the cost of the contract exceeding 25%. In fact, the cost was less than the bid. The increase was offset by other savings. Moreover, respondent did not challenge other individual items in the bid which increased over 25%. Considering the entire contract, there was no increase and the contract need not be rebid.

### DECISION

The validity of respondent's waiver of the statutory right to appeal an assessment must be determined at trial.

Engineering supervision need not be competitively bid by a municipality in a contract for sanitary sewer and water main improvements.

A volume increase of over 25% in the number of insulation boards used in a contract does not require the contract to be rebid where the entire contract cost increase does not exceed 25%.

Affirmed in part, reversed in part and remanded.